842 So.2d 306 (2003)
Jay CANAVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2655.
District Court of Appeal of Florida, Fifth District.
April 17, 2003.
Jay Canavan, Bushnell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann. M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Jay Canavan appeals the summary denial of his motion to correct an illegal sentence. Canavan pleaded guilty in 1993 to two counts of lewd and lascivious assault upon a child and was sentenced as a habitual felony offender to 25 years in jail on the first count, and a consecutive 15 years of probation on the second count. He alleges that his offenses arose from a single incident, and therefore, his two consecutive habitual offenses must run concurrent under Hale v. State, 630 So.2d 521 (Fla.1993). Canavan points out that the *307 convictions involved similar acts upon the victim, and both occurred on the same day. Canavan alleges that the face of the record, including the information and the presentence investigation report, demonstrates that the two offenses occurred at the same time. After a review of the record, we agree and reverse.
The trial court summarily denied Canavan's motion, pointing out that a claim is facially insufficient if the defendant fails to allege where and how the record supports his claim that consecutive habitual offender sentences were imposed for offenses occurring in a single criminal transaction. See Phipps v. State, 806 So.2d 565 (Fla. 1st DCA 2002). The court also found that Canavan did not receive consecutive habitual offender sentences and had failed to state a facially sufficient claim under Hale. A copy of the sentence was attached to the court's order and shows that Canavan was sentenced to 25 years incarceration for count one, with a notation that he was being sentenced as a habitual offender, followed by 15 years probation, with no express notation that the latter was as a habitual offender.
In West v. State, 790 So.2d 513 (Fla. 5th DCA 2001), we held that a defendant who was adjudicated a habitual offender and sentenced to 10 years incarceration followed by probation received an illegal sentence because the offenses arose from a single criminal episode. See also Whitfield v. State, 804 So.2d 1274 (Fla. 5th DCA 2002); Johnson v. State, 809 So.2d 892 (Fla. 2d DCA 2002); Benjamin v. State, 667 So.2d 437 (Fla. 2d DCA 1996); Taylor v. State, 658 So.2d 635 (Fla. 2d DCA 1995). But see Davis v. State, 710 So.2d 1051 (Fla. 1st DCA 1998) (where defendant was found to be a habitual offender only as to count one, consecutive probation term on count two was not erroneous although the offenses arose from a single episode).
We conclude that Canavan's motion was facially sufficient because it identified the portions of the record that would show that his offenses arose out of a single criminal episode. Although Canavan attached the information and the plea agreement to his motion instead of, as he probably intended, the information and the presentence investigation report, his motion alleged that the information and the presentence investigation report demonstrate that the two offenses occurred at the same time.
Accordingly, we reverse and remand for the trial court to either attach portions of the record establishing that the offenses in question did not arise from a single criminal episode or correct the sentences. Compare, West; Whitfield.
REVERSED and REMANDED.
GRIFFIN and TORPY, JJ., concur.