867 So.2d 469 (2004)
David Allen FULLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-925.
District Court of Appeal of Florida, Fifth District.
February 6, 2004.
Rehearing Denied March 16, 2004.
*470 David Fuller, Pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges the lower court's decision which denied his motion brought pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Appellant raises several points on appeal, only one of which merits discussion, whether his fifteen-year probationary sentence on count V may run consecutive to his thirty-year habitual offender sentence on count I, even though both counts involve crimes that arose from a single criminal episode. We conclude that the consecutive sentences are not permitted and reverse for resentencing.
Originally, Appellant received a fifteen-year consecutive probationary sentence on count V, but he was also sentenced as an habitual offender on that count. On motion, the state conceded that the sentence was illegal under Hale v. State, 630 So.2d 521 (Fla.1993). Upon resentencing, the court simply deleted the habitual offender designation on count V and reimposed the same sentence because fifteen years was within the statutory maximum, without enhancement, under the habitual offender statute. The issue in this appeal is whether the court properly imposed a non-habitual sentence consecutive to an habitual offender sentence where both crimes arose from the same criminal episode. Although not cited by either party in their briefs on appeal, we have previously answered this question in the negative in Canavan v. State, 842 So.2d 306 (Fla. 5th DCA 2003). When we offered the State an opportunity to address this case in light of Canavan, the rather vague response we received was less than helpful, but apparently acknowledged that our disposition of this case is governed by Canavan.
We think our holding in Canavan is mandated by Hale. The whole point in Hale is that once the habitual offender sentencing scheme is utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode, consecutive sentencing may not be used to further lengthen the overall sentence. Although not cited by either party on appeal, we note and certify conflict with Davis v. State, 710 So.2d 1051 (Fla. 1st DCA 1998).
We assume that the State's failure to cite two cases directly on point, one of which is a controlling decision of this court, was an oversight. We express our sincere hope that the State might be more helpful in focusing the court's attention on controlling *471 case law in the future, especially where, as here, the Appellant is pro se.
REVERSED AND REMANDED.
PLEUS and PALMER, JJ., concur.