881 So.2d 1180 (2004)
William Paul POWELL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1419.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
*1181 William Paul Powell, Jr., Century, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Powell appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. He argues that because the two crimes for which he was sentenced arose out of the same criminal episode, and because one sentence was a Prison Releasee Reoffender (PRR) sentence, the court could not require the two sentences be served consecutively. We affirm.
In this case, Powell was charged with three felonies; kidnapping while armed,[1] carjacking while armed[2] and sexual battery while armed.[3] All three carry potential life sentences. Pursuant to a plea bargain, Powell pled guilty to false imprisonment (a lesser included offense of kidnapping) and aggravated battery (a lesser included offense of sexual battery), and the state nolle prossed the carjacking count.
The trial court sentenced Powell to 5 years in prison, a PRR sentence, for false imprisonment and for the aggravated battery, to a non-PRR sentence of 1.8 years in prison, followed by 3.2 years on probation, to be served consecutively. The total of the 2 sentences is 10 years. According to Powell's sentencing scoresheet, 10 years was the maximum sentence under the Criminal Punishment Code. The 10 years also did not exceed the statutory maximum sentences which Powell could have received  15 years for aggravated battery, a second degree felony, and 5 years for false imprisonment, a third degree felony. Had there been no PRR sentence involved, the 2 sentences could have been imposed consecutively, pursuant to section 921.16(1), Florida Statutes, resulting in a total of 20 years.
This court is committed to the position that if multiple crimes arise out of the same criminal episode, the court may not impose consecutive PRR sentences. See Williams v. State, 804 So.2d 572 (Fla. 5th DCA), cause dismissed, 829 So.2d 921 (Fla.2002); Smith v. State, 773 So.2d 1278 (Fla. 5th DCA 2000); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000). In Durr, we applied the prohibition against consecutive *1182 sentencing under the Habitual Felony Offender statute to the PRR statute. However, this court has not addressed the propriety of imposing consecutive sentences in the context of a PRR sentence and a non-PRR sentence.
In Canavan v. State, 842 So.2d 306 (Fla. 5th DCA 2003), this court indicted that it was improper to impose consecutive sentences consisting of an habitual felony offender sentence followed by a non-habitual felony offender sentence, and remanded to determine clarification of the record as to whether the crimes arose out of the same criminal episode and whether the second sentence was an habitual sentence. However, in Fuller v. State, 867 So.2d 469 (Fla. 5th DCA 2004), this court determined that consecutive sentences were improper where one sentence was an habitual offender sentence and one was not, if the combined sentences extended the total beyond the statutory maximum, as enhanced by the habitual offender statute.
The First DCA, in Kiedrowski v. State, 876 So.2d 692 (Fla. 1st DCA 2004), expressly approved Fuller. In Kiedrowski, the sentence imposed (a combination of habitual and non-habitual sentences) exceeded the statutory maximum had both sentences been enhanced under the habitual offender statute, or if neither had been enhanced and they had run consecutively. The court held that sentencing structure violated Hale v. State, 630 So.2d 521 (Fla.1993).
In Dubose v. State, 834 So.2d 423 (Fla. 2d DCA 2003), the court considered whether consecutive sentences were permissible where a PRR sentence was to run consecutive to a non-PRR sentence. The court held that it was error to run a PRR sentence consecutive to a non-PRR sentence where the crimes arose out of the same criminal episode, because the effect of such a sentencing scheme was to impose a harsher penalty than that permitted under the PRR statute. The rationale expressed by the court was that under the PRR sentencing statute, a defendant is severely restricted in being able to earn gain time or serve less than a full sentence. Thus, to preserve entitlement to any possible early release that may apply to the non-PRR sentence, the defendant must be allowed to serve the PRR sentence first.
Under both lines of cases, the consecutive sentences in this case pass muster. The total sentence received by Powell (10 years) does not exceed the enhanced statutory maximum permissible for a second degree felony, nor does it exceed the possible total years he could have received, as consecutive sentences, had there been no enhancement. Further, the sentence Powell is being required to serve first is the PRR sentence.
The PRR statute is properly viewed as a minimum mandatory statute, which establishes a sentencing floor. If a defendant is eligible for a harsher sentence, the trial court may impose the harsher sentence. Also, the PRR statute is only applicable if a defendant has committed an enumerated offense and only if the state requests such a sentence. See Webster v. State, 837 So.2d 1080 (Fla. 2d DCA 2003). It is entirely possible that a defendant could commit an enumerated offense subject to PRR designation and another offense not enumerated, or one for which the state does not seek such a sentence, in the same criminal episode. Therefore, the trial judge should not be barred from imposing consecutive sentences, as long as the PRR sentence is served first.
AFFIRMED.
PALMER and ORFINGER, JJ., concur.
NOTES
[1] §§ 787.01, 775.087, Fla. Stat.
[2] § 812.133(2)(a), Fla. Stat.
[3] §§ 794.01; 775.087, Fla. Stat.