883 So.2d 908 (2004)
Valentine RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2120.
District Court of Appeal of Florida, Second District.
October 6, 2004.
*909 Valentine Rodriguez, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Valentine Rodriguez entered a negotiated plea of guilty to one count of aggravated assault[1] and three counts of felony battery,[2] with the understanding that he would be sentenced to a total of ten years' imprisonment, minimum mandatory, as a prison releasee reoffender (PRR). See § 775.082(9), Fla. Stat. (2001). Because each offense was a third-degree felony, this was accomplished by imposing five-year terms of imprisonment on each count as a PRR, with the terms of imprisonment on the three felony battery counts to run concurrently to each other but consecutively to the five-year term imposed for the aggravated assault. Thereafter, the circuit court granted Mr. Rodriguez's motion for postconviction relief, which pointed out that these consecutive sentences were illegal because the crimes occurred in a single criminal episode. See Smith v. State, 824 So.2d 263 (Fla. 2d DCA 2002). To remedy this, the circuit court resentenced Mr. Rodriguez, with the State's consent, by merely removing the PRR enhancement from the sentences for the three counts of felony battery. Thus Mr. Rodriguez's current sentences reflect a five-year minimum mandatory term of imprisonment for aggravated assault, followed by concurrent standard five-year sentences for three counts of felony batteryin other words, a ten-year total sentence with a five-year minimum mandatory term. Based on Kiedrowski v. State, 876 So.2d 692 (Fla. 1st DCA 2004), and Fuller v. State, 867 So.2d 469 (Fla. 5th DCA 2004), we conclude that these consecutive sentences, which arise from one criminal episode and together exceed the maximum incarceration permitted for any individual count under the Prison Releasee Reoffender Punishment Act, see § 775.082(9)(a)(3)(d), remain illegal and must be reversed.
In Daniels v. State, 595 So.2d 952 (Fla.1992), the Florida Supreme Court held that a court sentencing a defendant for two or more crimes occurring in a single criminal episode could not enhance the sentences pursuant to the habitual violent felony offender statute and then also order the sentences to run consecutively. In Hale v. State, 630 So.2d 521 (Fla.1993), the Florida Supreme Court extended the holding of Daniels to apply to consecutive habitual offender sentences. The supreme court concluded that the legislature's intent to increase the punishment for such offenses "is satisfied when the maximum sentence for each offense is increased." Hale, 630 So.2d at 524. The court found nothing in the language of these enhancement statutes to suggest that the legislature *910 intended to permit a court to enhance the individual sentences from a single criminal episode under these statutes and then further increase the total penalty by ordering that the sentences run consecutively. Id.
The Prison Releasee Reoffender Punishment Act was enacted after the supreme court decided Daniels and Hale, see ch. 97-239, Laws of Fla., but contained no language designed to avoid the application of the holdings in Daniels and Hale to the new statute. Thus, this court and other district courts have applied the reasoning of Daniels and Hale to prohibit consecutive sentences imposed under this Act when the sentences arise from crimes committed in a single criminal episode. See Smith, 824 So.2d 263; Smith v. State, 800 So.2d 703 (Fla. 5th DCA 2001); Philmore v. State, 760 So.2d 239 (Fla. 4th DCA 2000).[3]
In this case, the circuit court sought to avoid the proscriptions of Hale and Daniels by imposing standard Criminal Punishment Code sentences consecutive to a PRR sentence. In doing so, however, the circuit court combined the sentences to impose a total sentence in excess of what Mr. Rodriguez could have received if each individual sentence was enhanced and imposed concurrently to the remaining sentences pursuant to the Prison Releasee Reoffender Punishment Act. Other courts have held that sentences similar to those imposed on Mr. Rodriguez, which combine or blend enhanced and unenhanced sentences to impose a total sentence that exceeds the sentence permitted under the applicable enhancement statute, are illegal. See Kiedrowski, 876 So.2d 692; Fuller 867 So.2d 469.
We see no reason to conflict with Kiedrowski and Fuller and, accordingly, reverse the sentences imposed on Mr. Rodriguez. We note that Mr. Rodriguez's initial sentences were the result of a negotiated plea and that the State consented to the current resentencing scheme. Although Mr. Rodriguez may not be bound by his agreement to accept these illegal sentences, see Almenares v. State, 882 So.2d 493 (Fla. 5th DCA 2004), the reversal of these sentences may vitiate the State's intent in the agreement. Thus on remand, the State can either consent to an alternate sentencing scheme for these crimes or withdraw from the plea agreement and proceed to trial. See Casey v. State, 788 So.2d 1121 (Fla. 2d DCA 2001); Wallen v. State, 877 So.2d 737 (Fla. 5th DCA 2004).
Reversed and remanded.
FULMER and STRINGER, JJ., Concur.
NOTES
[1] See § 784.021, Fla. Stat. (2001).
[2] See § 784.03(2), Fla. Stat. (2001).
[3] Although these cases hold that enhanced sentences cannot run consecutively in a case involving a single criminal episode, there is nothing in the Criminal Punishment Code that prohibits the imposition of consecutive standard sentences, even when the sentences arise from offenses committed in a single criminal episode. See § 921.0024(2), Fla. Stat. (2001); ch. 97-194, Laws of Fla.