920 So.2d 724 (2006)
Leroy REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2295.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
*725 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Leroy Reeves appeals the trial court's denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).[1] Reeves argues that his consecutive sentences are illegal because his crimes arose out of a single criminal episode. He also contends, and the State concedes, that his prison releasee reoffender ("PRR") sentence should be served prior to his other sentences. We conclude that it was not error to impose a single PRR sentence followed by consecutive criminal punishment code sentences, even if the crimes did arise from a single criminal episode. We reverse only to the extent necessary for the trial court to clarify the sentencing documents to reflect that the PRR sentence must be served first to allow Reeves the opportunity to earn gain time and to preserve his entitlement to any possible early release. Powell v. State, 881 So.2d 1180, 1182 (Fla. 5th DCA 2004).
Reeves was convicted of four third-degree felonies: burglary of a structure, grand theft, resisting a law enforcement officer with violence, and battery on a law enforcement officer. Reeves was sentenced to five years in prison on each charge to be served consecutively, including a PRR sentence for resisting a law enforcement officer with violence. In denying Reeves's rule 3.800 motion, the trial court concluded that each of Reeves's offenses were separate and not part of one criminal episode. Our review of the record leads us to the conclusion that the burglary of a structure and the grand theft charges arose from a single incident, while the resisting arrest and battery on a law enforcement officer occurred as part of a separate criminal episode. However, our conclusion that Reeves engaged in two criminal episodes, and not four, does not change the result.
Reeves challenges his sentence premised on the holdings in Daniels v. State, 595 So.2d 952 (Fla.1992), and Hale v. State, 630 So.2d 521 (Fla.1993). In Daniels, the Florida Supreme Court held that a court sentencing a defendant for two or more crimes occurring in a single criminal episode could not enhance the sentences pursuant to the habitual violent felony offender statute, and also order the sentences to be run consecutively. In Hale, the Florida Supreme Court extended the holding of Daniels to apply to consecutive habitual *726 offender sentences, concluding that the Legislature's intent to increase the punishment for such offenses "is satisfied when the maximum sentence for each offense is increased." Hale, 630 So.2d at 524. Application of the rule established in Daniels and Hale has been problematic, as the Florida sentencing statutes have become more complex, entailing numerous reclassification, enhancement and minimum mandatory provisions.[2]
Reeves finds support for his position in Rodriguez v. State, 883 So.2d 908 (Fla. 2d DCA 2004). In Rodriguez, the circuit court sought to avoid the proscription of Hale and Daniels by imposing standard criminal punishment code sentences consecutive to a PRR sentence. The second district court reversed, concluding that sentences, which combine or blend enhanced and unenhanced sentences to impose a total sentence that exceeds the sentence permitted under the applicable enhancement statute, were illegal. Rodriguez, 883 So.2d at 910.
We disagree with the holding in Rodriguez because it treats a PRR sentence as an enhanced sentence, rather than as a minimum mandatory sentence. Unlike a habitual offender sentence, a PRR sentence is not enhanced beyond the statutory maximum; rather, the PRR statute establishes that the only lawful sentence for a PRR offender is the statutory maximum, which must be served in its entirety. § 775.082(9), Fla. Stat. (2004); Powell, 881 So.2d at 1182 (noting that "[t]he PRR statute is properly viewed as a minimum mandatory statute, which establishes a sentence in Florida").
"The whole point in Hale is that once the habitual offender sentencing scheme is utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode, consecutive sentencing may not be used to further lengthen the overall sentence." Fuller v. State, 867 So.2d 469, 470 (Fla. 5th DCA 2004). The rule established in Hale and Daniels applies to sentences that have been enhanced beyond the statutory maximum. A PRR sentence is not enhanced beyond the statutory maximum. Consequently, we conclude that the rule established in Hale and Daniels has no application here. As we said in Powell:
It is entirely possible that a defendant could commit an enumerated offense subject to PRR designation and another offense not enumerated, or one for which the state does not seek such a sentence, in the same criminal episode.... [T]he trial judge should not be barred from imposing consecutive sentences, as long as the PRR sentence is served first.
881 So.2d at 1182.
For these reasons, we conclude that a PRR sentence, followed by a consecutive criminal punishment code sentence not otherwise enhanced beyond the statutory maximum, is not an illegal sentence, even if the crimes arise from a single episode. In doing so, we acknowledge our conflict with Rodriguez v. State, 883 So.2d 908 (Fla. 2d DCA 2004).
We affirm the trial court's denial of Reeves's motion to correct his sentences. We remand the matter so that the sentencing *727 documents can be amended to reflect that the PRR sentence must be served first.
AFFIRMED IN PART; REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Since this appeal was filed, Reeves also filed a rule 3.800(b)(2) motion to correct sentencing errors. This motion argued the same points as the rule 3.800(a) motion that is currently on appeal. The trial court held a hearing and subsequently denied the rule 3.800(b)(2) motion. This ruling is not currently on appeal, but our ruling on the rule 3.800(a) applies equally to the rule 3.800(b)(2) motion.
[2] Generally, Hale claims must be brought in a proceeding under Florida Rule of Criminal Procedure 3.850 since a determination of whether the offenses for which the defendant has been sentenced arose out of a single criminal episode is not a pure question of law but, instead, requires an evidentiary determination. State v. Callaway, 658 So.2d 983 (Fla. 1995). However, a limited exception to that rule appears to exist when the trial transcript is available to and considered by the trial judge in ruling on a defendant's rule 3.800 motion. Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000).