DAVIS, Judge.
Jerome T. Bell challenges the consecutive nature of his sentences. We affirm in part and reverse in part.
Bell’s consecutive terms arose out of events that occurred on April 13, 2003. Polk County Sheriff’s Deputy Joseph Murphy had just finished conducting a traffic stop of another individual and was pulling out of the individual’s driveway when he heard a car skid behind him. Deputy Murphy got out of his patrol car, and the driver of the vehicle that skidded told Murphy that everything was “okay.” As *1281 Deputy Murphy began walking toward the driver, the driver put the car in reverse and “peeled out” backwards. Deputy Murphy got back into his patrol car and called dispatch to report that he was in pursuit. As Deputy Murphy rounded a corner, he saw that the car had run into a fence and that the driver had jumped out of the car and was fleeing on foot. When Deputy Murphy reached him, the driver swung at the deputy three times and kept trying to grab his police radio. The deputy ultimately subdued the driver. After backup help arrived, the deputy was able to check the driver’s license record, which revealed that the driver was Jerome Bell, a habitual traffic offender whose license had been revoked.
Bell was charged with five offenses: count one — driving while license revoked as a habitual offender, count two — driving under the influence, count three — resisting an officer with violence, count four — battery on a law enforcement officer, and count five — depriving an officer of the means of protection or communication.
Bell was tried and found guilty by a jury of counts three, four, and five, all third-degree felonies. Bell pleaded nolo conten-dere to driving while license revoked as a habitual traffic offender (count one) and was found not guilty of driving under the influence (count two). The State filed notice that Bell qualified as a prison releasee reoffender (“PRR”).
The trial court sentenced Bell to five years in prison as a PRR on count three and to two five-year terms on counts one and five, all third-degree felonies. The sentences on counts one and five were ordered to be served concurrently with each other but consecutively to the five-year PRR term imposed on count three. Bell was sentenced to time served on count four.
Pursuant to Rodriguez v. State, 883 So.2d 908 (Fla. 2d DCA 2004), a five-year PRR sentence on a third-degree felony offense followed by a five-year consecutive sentence on another third-degree felony offense is an illegal sentence if both offenses arose out of the same criminal episode. While Bell argues that the consecutive sentences imposed on counts one and five are illegal under Rodriguez, we agree with him only as to the consecutive sentence imposed on count five because we conclude that there were two separate criminal episodes here.
For purposes of consecutive sentencing, separate criminal episodes exist where there are “two different and distinct series of events.” Castro v. State, 472 So.2d 796, 798 (Fla. 3d DCA 1985). In the instant case, count one, charging Bell with driving with license revoked, was a different and distinct offense from the offenses charged in the remaining counts, which all resulted from the deputy’s attempt to subdue Bell after Bell crashed his car into the fence and fled on foot. The deputy did not discover that Bell was driving with a revoked license until after Bell had been subdued, and the fact that Bell was driving with a revoked license did not in any way induce the officer to give chase or lead to the subsequent resisting offenses. Accordingly, the two events were separate.
Thus, the sentence on count one, the driving offense, that the court ordered to be served consecutive to count three, a resisting offense, was permissible because counts one and three were not part of the same criminal episode. However, the sentence on count five, the charge of depriving an officer of communication, that the court ordered to be served consecutively to count three, the resisting charge, is illegal because counts three and five were part of the same criminal episode. We therefore affirm the consecutive sentence ordered to *1282 be served on count one but reverse the consecutive sentence ordered to be served on count five.
Recognizing that Reeves v. State, 920 So.2d 724 (Fla. 5th DCA), review granted, 933 So.2d 521 (Fla.2006), acknowledged conflict with Rodriguez on this issue and that the Florida Supreme Court has accepted review of Reeves, we acknowledge conflict with Reeves.
Affirmed in part; reversed in part; remanded.
STRINGER and WALLACE, JJ„ Concur.