960 So.2d 13 (2007)
Frank PIACITELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3562.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Frank Piacitelli, Fort Lauderdale, pro se.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals an order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, and his subsequent motion for rehearing. He argues that the imposition of a PRR sentence consecutive to an un-enhanced sentence for another crime arising out of the same criminal episode constitutes an illegal sentence. We agree and reverse.
The State charged the defendant with first degree murder with a firearm, and attempted first degree murder with a firearm of a second victim. The jury convicted him of both counts as charged. The jury found the defendant actually possessed and discharged a firearm, but did not inflict death as a result of discharging a firearm as to count I. With regard to count II, the jury found the defendant actually possessed and discharged a firearm, and inflicted serious bodily injury as a result of discharging a firearm. The trial court sentenced him to life in prison with a twenty-year mandatory minimum on count I and to a consecutive term of life as a Prison Releasee Reoffender (PRR) on *14 count II, with a twenty-year mandatory minimum.
The defendant filed a pro se rule 3.800(a) motion to correct illegal sentence, in which he claimed that his sentence was illegal because the trial court imposed an enhanced sentence on count II as a PRR consecutively to the un-enhanced sentence on count I even though both offenses arose from the same criminal episode. The trial court summarily denied the motion for the reasons contained in the State's response and denied the defendant's subsequent motion for rehearing.
The defendant argues that an enhanced PRR sentence imposed consecutively to an un-enhanced sentence for another count arising out of the same criminal episode constitutes an illegal sentence. We agree.
Recently, this court addressed a similar issue in Pledger v. State, 944 So.2d 1135 (Fla. 4th DCA 2006). In Pledger, we reversed the trial court's imposition of consecutive PRR sentences for convictions that arose out of the same criminal episode. We then remanded the case for resentencing.
We are aware that the Fifth District has taken the position that PRR sentencing does not constitute a sentence "enhancement," thereby avoiding the concerns of Hale v. State, 630 So.2d 521 (Fla.1993). See Reeves v. State, 920 So.2d 724 (Fla. 5th DCA) (affirming imposition of a single PRR sentence followed by consecutive criminal punishment code sentences for counts arising out of a single criminal episode), review granted, 933 So.2d 521 (Fla. 2006).
This court, however, has consistently applied Hale to PRR sentencing. See, e.g., McIntyre v. State, 757 So.2d 1288 (Fla. 4th DCA) (reversing sentences for counts II and III where PRR life sentences for counts II and III were run consecutive to non-PRR sentence of life without parole), review dismissed, 767 So.2d 458 (Fla. 2000); Philmore v. State, 760 So.2d 1063 (Fla. 4th DCA 2000). We reach the same result here and certify conflict with Reeves.
Reversed and Remanded for Re-Sentencing.
STEVENSON, C.J., and TAYLOR, J., concur.