957 So.2d 625 (2007)
Leroy REEVES, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-504.
Supreme Court of Florida.
May 17, 2007.
*626 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Mary G. Jolley and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
BELL, J.
When multiple crimes arise out of the same criminal episode, may a sentence under the Prison Releasee Reoffender (PRR) statute be followed by a Criminal Punishment Code (CPC) sentence that is not enhanced beyond the statutory maximum? In Reeves v. State, 920 So.2d 724 (Fla. 5th DCA 2006), the Fifth District answered this question in the affirmative. Leroy Reeves seeks review of that decision based on its express and direct conflict with the Second District's decision in Rodriguez v. State, 883 So.2d 908 (Fla.2d DCA 2004). We have jurisdiction to resolve this conflict. See art. V, § 3(b)(3), Fla. Const.
We agree with the Fifth District and hold that a PRR sentence followed consecutively by a CPC sentence not otherwise enhanced beyond the statutory maximum is a legal sentence, even if the crimes arose from a single criminal episode. Accordingly, we approve the Fifth District's decision in Reeves and disapprove the Second District's decision in Rodriguez. In addition to resolving this conflict issue, we also agree with the Fifth District that the four crimes Reeves committed arose from two separate criminal episodes.

*627 I. FACTUAL AND PROCEDURAL BACKGROUND
On January 29, 1999, Officer Denys Neff of the Leesburg Police Department was dispatched to the Chevron gasoline station at the intersection of Main Street and Jobbins Street after the burglary alarm sounded. She approached the station and noticed that the storefront glass had been broken and that two vehicles, a Cadillac and a Ford, were parked out front. Officer Neff observed one man run out of the store and drop a box. She then observed two other men behind the Cadillac, one of whom was Reeves. These two men began running in the same direction as the first individual, then changed direction and ran back behind the Chevron store. Next, Reeves entered the Ford vehicle and proceeded onto Jobbins Street, while his companion ran into the woods. Officer Neff pursued Reeves. As Officer Neff approached, the Ford began to slow down, and Reeves fled the still-moving vehicle. Officer Neff wrestled with Reeves in an attempt to apprehend him, but he was able to escape and run into the woods. Officer Neff returned to the Chevron store, set up a perimeter, and noticed that the trunk of the Cadillac was filled with stolen boxes of cigarettes. Two hours later, Reeves was taken into custody after being detected by a canine unit. The officers brought Reeves to the Chevron station where Officer Neff identified him.
A jury convicted Reeves of four third-degree felonies as charged: count (1) burglary of a structure; count (2) grand theft; count (3) resisting a law enforcement officer with violence; and count (4) battery on a law enforcement officer. At sentencing, the court imposed the five-year sentence mandated by the Prison Releasee Reoffender (PRR) statute, section 775.082(9), Florida Statutes (Supp.1998), for Count (3). This PRR sentence was followed by three consecutive five-year sentences under the Criminal Punishment Code (CPC) for counts (1), (2), and (4). Reeves, 920 So.2d at 725.
Subsequently, Reeves filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. He argued that his consecutive sentences were illegal because they arose from a single criminal episode. The trial court denied the motion, determining that each of Reeves' offenses was separate and not part of the same criminal episode. See id.
On appeal, the Fifth District concluded that there were two criminal episodes, the first consisting of the burglary and grand theft charges, and the second consisting of the resisting with violence and battery on a law enforcement officer charges. Id. Further, the Fifth District held that "a PRR sentence, followed by a consecutive criminal punishment code sentence not otherwise enhanced beyond the statutory maximum, is not an illegal sentence, even if the crimes arise from a single episode." Id. at 726. The court reasoned that, "[u]nlike a habitual offender sentence, a PRR sentence is not enhanced beyond the statutory maximum; rather, the PRR statute establishes that the only lawful sentence for a PRR offender is the statutory maximum, which must be served in its entirety." Id. (citing § 775.082(9), Fla. Stat. (2004); Powell v. State, 881 So.2d 1180, 1182 (Fla. 5th DCA 2004)). On this basis, the court affirmed in part but remanded solely to permit the trial court to clarify the sentencing documents to reflect that the PRR sentence must be served first to allow Reeves the opportunity to earn gain time and to preserve his entitlement to any possible early release. Id. at 725 (citing Powell, 881 So.2d at 1182).
Reeves filed a notice to invoke the discretionary jurisdiction of this Court properly citing conflict with the Second District's *628 holding in Rodriguez v. State, 883 So.2d 908 (Fla. 2d DCA 2004). In Rodriguez, the Second District determined that "consecutive sentences, which arise from one criminal episode and together exceed the maximum incarceration permitted for any individual count under the Prison Releasee Reoffender Punishment Act" are illegal. 833 So.2d at 909. We accepted jurisdiction to resolve the decisional conflict. However, prior to discussing this decisional conflict, we must resolve another issue Reeves raises in this case.

II. DISCUSSION
Reeves first claims that all four of his crimes arose from the same criminal episode. He then raises the conflict issue. He asserts that the sentences imposed for each of his four crimes must run concurrently because his sentence under the PRR statute is the maximum he can receive for the one criminal episode. If accepted, his argument is that his total sentence cannot exceed five years. We disagree and conclude (1) that there were two separate criminal episodes and (2) that the Legislature intended that courts have the discretion to impose PRR and CPC sentences consecutively for crimes arising out of the same episode.

A.
As to Reeves' first claim, we agree with the Fifth District that there were two distinct criminal episodes. See Reeves, 920 So.2d at 725. Episode one occurred at the Chevron station and involved count (1) burglary of a structure and count (2) grand theft. Episode two occurred at the church behind the Chevron station and involved count (3) resisting a law enforcement officer with violence and count (4) battery on a law enforcement officer. See State v. Paul, 934 So.2d 1167, 1173 (Fla.2006) (similar facts).
Reeves concedes that if he had received standard CPC sentences for the four offenses committed in these two episodes, the trial court would have had the discretion to impose his sentences consecutively, resulting in a twenty-year sentence. See § 775.021(4), Fla. Stat. (1997); Lifred v. State, 643 So.2d 94, 96 (Fla. 4th DCA 1994) (holding that section 775.021(4), Florida Statutes, generally grants judges "discretion to impose separate sentences, either concurrently or consecutively, for each separate criminal offense arising out of a single criminal transaction or episode").[1] Consequently, given our finding that there are two criminal episodes, Reeves' two CPC sentences for episode one may run consecutively both to each other and to the sentences imposed for the crimes committed in episode two.

B.
We now address the conflict question. In doing so, we focus on criminal episode two to determine whether Reeves' CPC sentence for battery on a law enforcement officer (count 4) may run consecutively to his PRR sentence for resisting a law enforcement officer with violence (count 3). As did the Fifth District, we conclude that the trial court had the discretion to impose Reeves' CPC sentence for count 4 consecutively to his PRR sentence for count 3. To reach this conclusion, we first examine the PRR statute. We find that this statute expresses clear legislative *629 intent that prison releasee reoffenders be "punished to the fullest extent of the law" and that trial judges have the discretion to impose greater sentences of incarceration as authorized by law. See § 775.082(9)(c)-(d), Fla. Stat. (Supp.1998). Second, we address Reeves' argument that the PRR mandatory minimum sentence serves as the statutory maximum sentence for all offenses arising out of the same criminal episode. We conclude that this argument is contrary to our holdings in Grant v. State, 770 So.2d 655 (Fla.2000), and Nettles v. State, 850 So.2d 487 (Fla.2003). Finally, we disapprove the Second District's holding in Rodriguez because it mistakenly relies on our precedent construing the Habitual Violent Felony Offender (HVFO) statute to reach the conclusion that consecutive PRR and non-PRR sentences are prohibited.

1. The Plain Meaning of the PRR Statute
We first examine the PRR statute to determine whether the Legislature intended (1) to give courts discretion to impose PRR and CPC sentences consecutively to each other;[2] or as Reeves argues, (2) for a PRR sentence to serve as the statutory maximum for all offenses arising out of the same criminal episode.
Questions of statutory interpretation are reviewed de novo. See Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2004). "The cardinal rule of statutory construction is `that a statute should be construed so as to ascertain and give effect to the intention of the Legislature as expressed in the statute.'" City of Tampa v. Thatcher Glass Corp., 445 So.2d 578, 579 (Fla.1984) (quoting Deltona Corp. v. Fla. Pub. Serv. Comm'n, 220 So.2d 905, 907 (Fla.1969)). "It is a fundamental rule of construction that statutory language cannot be construed so as to render it potentially meaningless." Ellis v. State, 622 So.2d 991, 1001 (Fla.1993) (citing Snively Groves, Inc. v. Mayo, 135 Fla. 300, 184 So. 839 (1938)). "[S]tatutory enactments are to be interpreted so as to accomplish rather than defeat their purpose." Lewis v. Mosley, 204 So.2d 197, 201 (Fla.1967) (citing 6 Fla. Jur., Constitutional Law § 14 (1956); Owens v. Fosdick, 153 Fla. 17, 13 So.2d 700 (1943)).
The text of the PRR statute expresses the intent or purpose that a PRR sentence not serve as the maximum sentence for all crimes arising out of the same criminal episode. The PRR statute states in pertinent part:
(9)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
. . . .

o. Any felony that involves the use or threat of physical force or violence against an individual;
. . . .
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing *630 under the sentencing guidelines and must be sentenced as follows:
a. For a felony punishable by life, by a term of imprisonment for life;
b. For a felony of the first degree, by a term of imprisonment of 30 years;
c. For a felony of the second degree, by a term of imprisonment of 15 years; and
d. For a felony of the third degree, by a term of imprisonment of 5 years.
(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.
(c) Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.
(d)1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
§ 775.082(9)(a)-(d)(1)., Fla. Stat. (Supp. 1998) (emphasis added).[3] Paragraph (b) indicates that section 775.082(9) dictates a minimum sentence or sentencing floor, not a statutory maximum. Further, the emphasized portions of paragraphs (c) and (d)(1) indicate an intent to allow judges to impose greater punishments than those provided for in the PRR statute. Moreover, nothing in the PRR statute can be construed as restricting a trial judge's general discretion to impose sentences consecutively or concurrently. See § 775.021(4), Fla. Stat. (2006) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively."). In light of this, the plain meaning of the PRR statute is that it provides a minimum sentence and that, given its allowance for imposition of the greatest sentence allowed by law, trial judges have the discretion to impose a CPC sentence consecutively to a PRR sentence. This Court's opinions in Grant and *631 Nettles are consistent with this reading of the PRR statute.

2. Grant and Nettles

In Grant and Nettles, the PRR statute was construed contrary to Reeves' argument that his sentence under the PRR statute is the maximum overall sentence he can receive for all offenses arising out of the same criminal episode. In Grant, the defendant pled "no contest" to a charge of sexual battery and received one sentence of fifteen years as a habitual felony offender (HFO) with a mandatory minimum term of fifteen years as a prison releasee reoffender (PRR). 770 So.2d at 656-57. Construing the PRR Act, this Court stated:
[T]he Legislature's intent both to provide a mandatory minimum term of imprisonment pursuant to the [Prison Releasee Reoffender] Act and to allow for imposition of the greatest sentence authorized by law is clear. . . .
. . . [B]ecause "section 775.082(8)(c) only authorizes the court to deviate from the [Act's] sentencing scheme to impose a greater sentence of incarceration," a trial court is "without authority to sentence [a defendant to an equal sentence] under the habitual felony offender statute," even where such sentence is imposed concurrently with the PRR sentence. Thus, the trial court erred in imposing two concurrent, equal sentences in this case . . . because it is not authorized by the Act.
Id. at 659 (emphasis added) (third and fourth alterations in original) (quoting Walls v. State, 765 So.2d 733, 734 (Fla. 1st DCA 2000)).[4] In Grant, we also referred to State v. Cotton, 769 So.2d 345 (Fla. 2000), for the proposition that
[W]hen the [Prison Releasee Reoffender] Act is properly viewed as a mandatory minimum statute, its effect is to establish a sentencing "floor." If a defendant is eligible for a harsher sentence "pursuant to [the habitual offender statute] or any other provision of law," the court may, in its discretion, impose the harsher sentence. See § 775.082(8)(c), Fla. Stat. (1997).
Grant, 770 So.2d at 658 (emphasis added) (alterations in original) (quoting Cotton, 769 So.2d at 354).
In Nettles, 850 So.2d 487, we expressly addressed the interaction between the PRR statute and the CPC. Nettles entered a plea of guilty to two counts of attempted lewd and lascivious conduct, a third-degree felony, in exchange for concurrent PRR and CPC sentences of 66.4 months. Id. at 489. Subsequently, Nettles filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), alleging that the trial court erred in sentencing him under both the PRR Act and the CPC. Id. Specifically, Nettles alleged that his sentence was illegal because it exceeded the "maximum" he could receive under the PRR statute, which was sixty months. The trial court denied the motion. On appeal, the First District read "the subsections at issue in pari materia, and in light of the legislative direction that offenders previously released from prison `be punished to the fullest extent of the law and as *632 provided in this subsection. . . .' § 775.082(9)(d)1., Fla. Stat. (2000)." Nettles v. State, 819 So.2d 243, 245 (Fla. 1st DCA 2002). The First District held that "once a defendant is properly designated as a prison releasee reoffender, the defendant would not be barred from a CPC sentence greater than the mandatory sentence as specified in the PRRPA." Id.
Approving the First District's decision, this Court concluded that "a defendant may be sentenced pursuant to both the PRRPA and the CPC." 850 So.2d at 492. We went on to explain:
[I]f we were to follow the logic of the dissent and hold that Nettles could only be sentenced to the 60 months provided by the PRRPA, the result would be a sentence less than that which he would have received, namely 66.4 months, had he not been sentenced as a prison releasee reoffender. Such an interpretation and application would completely ignore the intent of the Legislature in enacting the PRRPA. The Legislature unquestionably intended that those sentenced under the PRRPA would "be punished to the fullest extent of the law." § 775.082(9)(d)1., Fla. Stat. (2000). We have repeatedly held that "`[w]hen construing a statutory provision, legislative intent is the polestar that guides' the Court's inquiry. Legislative intent is determined primarily from the language of a statute." State v. Rife, 789 So.2d 288, 292 (Fla.2001) (quoting McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998)). As Nettles does not contest that he qualifies for sentencing as a prison releasee reoffender, his negotiated sentence of 66.4 months, with the first 60 months being served pursuant to the PRRPA and the remaining 6.4 months served under the CPC, effectuates the Legislature's intent in this case and comports with the applicable statutory provisions.
. . . Clearly, we have determined that the sentence provided by the PRRPA is not a mandatory sentence which must be imposed upon an eligible defendant. Rather it is a sentencing "floor," which a judge may exceed if authorized by another provision of the law, such as the CPC.
850 So.2d at 493-94. We also held that this result was mandated by the CPC, section 921.0024(2), Florida Statutes (2000), which stated that "[i]f the lowest permissible sentence under the [CPC] exceeds the statutory maximum sentence as provided in section 775.082, the sentence required by the [CPC] must be imposed."
As Grant and Nettles demonstrate, a CPC sentence may follow a PRR sentence for the same offense. By the same logic, a CPC sentence may follow a PRR sentence when they are for separate offenses arising out of the same criminal episode, as in Reeves' case. Reeves' position would "completely ignore the intent of the Legislature in enacting the PRRPA," that prison releasee reoffenders "be punished to the fullest extent of the law." Nettles, 850 So.2d at 493 (quoting § 775.082(9)(d)(1), Fla. Stat. (2000)). Accordingly, we find that Reeves' sentence comports with the Legislature's intent in enacting the PRRPA and our decisions in Grant and Nettles.

3. Rodriguez Disapproved
Given this reading of the PRR Act, we disapprove the Second District's decision in Rodriguez. As noted earlier, we accepted jurisdiction of this case based on express and direct conflict between that decision and the Fifth District's decision in Reeves. In Rodriguez, the Second District held that standard (CPC) sentences could not run consecutively to a PRR sentence where the crimes arose out of the same *633 episode. 883 So.2d at 909. The Second District stated:
Mr. Rodriguez's current sentences reflect a five-year minimum mandatory term of imprisonment [as a prison releasee reoffender] for aggravated assault, followed by concurrent standard five-year sentences for three counts of felony batteryin other words, a ten-year total sentence with a five-year minimum mandatory term. Based on Kiedrowski v. State, 876 So.2d 692 (Fla. 1st DCA 2004) [holding that the imposition of a non-HFO sentence following an HFO sentence which had been enhanced to the statutory maximum was improper where defendant's two offenses arose out of a single criminal episode], and Fuller v. State, 867 So.2d 469 (Fla. 5th DCA 2004) [same], we conclude that these consecutive sentences, which arise from one criminal episode and together exceed the maximum incarceration permitted for any individual count under the Prison Releasee Reoffender Punishment Act, see § 775.082(9)(a)(3)(d), remain illegal and must be reversed.
Id. The Second District further reasoned that its conclusion conformed with our decisions in Daniels v. State, 595 So.2d 952 (Fla.1992) (holding that the trial court lacked discretion to impose consecutive mandatory minimum sentences under the Habitual Violent Felony Offender (HVFO) statute, section 775.084(4), Florida Statutes (Supp.1988), for offenses arising out of the same episode), and Hale v. State, 630 So.2d 521 (Fla.1993) (holding that the trial court lacked discretion to impose consecutive enhanced maximum sentences under the HVFO statute for offenses arising out of the same episode).
We disagree. Daniels and Hale were decided under the sentencing guidelines, not the Criminal Punishment Code. More significantly, in both Daniels and Hale, the habitual violent felony offender portion of the violent career criminal statute was at issue, not the PRR statute. Therefore, those two cases have little bearing on the interpretation of the PRR statute.
Similarly, the Second District misplaces reliance on Kiedrowski v. State, 876 So.2d 692 (Fla. 1st DCA 2004), and Fuller v. State, 867 So.2d 469 (Fla. 5th DCA 2004). Those cases involved the habitual felony offender statute portion of the violent career criminal statute and likewise have little bearing on the interpretation of the PRR statute. Most importantly, because we read the PRR statute as sanctioning consecutive PRR and CPC sentences for offenses arising out of the same episode, we reach the opposite conclusion to that of the Second District in Rodriguez.

III. CONCLUSION
For the foregoing reasons, we approve the Fifth District's decision below in Reeves and disapprove the Second District's decision in Rodriguez. In doing so, we hold that Reeves' overall sentence of one PRR sentence followed by three consecutive CPC sentences does not violate the Legislature's intent under the PRR statute or this Court's prior precedent. Having determined that there were two separate criminal episodes, we also conclude that it was within the trial court's discretion to impose Reeves' sentences for the two offenses in episode one consecutively to each other, and to impose these sentences consecutively to the sentences in episode two. Finally, having concluded that a CPC sentence may be imposed consecutively to a PRR sentence for crimes arising out of the same episode, we conclude that it was within the trial court's discretion to impose Reeves' CPC sentence *634 for battery on a law enforcement officer consecutively to his PRR sentence for resisting a law enforcement officer with violence. Thus, Reeves' twenty-year overall sentence is legal.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and CANTERO, JJ., concur.
NOTES
[1] Section 775.021(4)(a), Florida Statutes (1997), states:

Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.
[2] The ordering of sentences to run consecutively to each other is referred to as "stacking." See Palmer v. State, 438 So.2d 1, 3 (Fla.1983).
[3] In Nettles, 850 So.2d at 487, we interpreted the following portion of section 775.082(9)(a)(3), Florida Statutes (2000):

Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender . . . such defendant is not eligible for sentencing under the sentencing guidelines. . . .
We reasoned in Nettles that this provision does not apply to CPC sentences. We distinguished the sentencing guidelines from the CPC, stating:
Conceptually, the CPC and the former sentencing guidelines are not synonymous, and, therefore, the PRRPA's reference to the sentencing guidelines in section 775.082(9)(a)3. does not . . . forbid sentencing under the CPC.
850 So.2d at 493.
[4] The Court in Grant also held that the imposition of both a PRR and an HFO sentence for the same offense did not violate double jeopardy because "the PRR Act operates as a mandatory minimum sentence. It does not create two separate sentences for one crime." 770 So.2d at 658 (quoting Smith v. State, 754 So.2d 100, 101 (Fla. 1st DCA 2000)); cf. Jackson v. State, 659 So.2d 1060, 1062-63 (Fla. 1995) (holding that a defendant could receive a mandatory minimum sentence for possession of a firearm to run concurrently with an HFO sentence for offenses occurring within a single criminal episode). Reeves does not present a double jeopardy claim; the issue in this case is one of statutory interpretation.