992 So.2d 95 (2008)
STATE of Florida, Petitioner,
v.
Jerome T. BELL, Respondent.
No. SC07-451.
Supreme Court of Florida.
May 29, 2008.
As Revised on Grant of Clarification September 25, 2008.
Bill McCollum, Attorney General, Tallahassee, FL, and Robert J. Krauss, Assistant Attorney General, Bureau Chief, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Respondent.
PER CURIAM.
We hereby grant respondent Jerome T. Bell's motion to withdraw this Court's opinion, withdraw our previous opinion issued in this case, see State v. Bell, 32 Fla. L. Weekly S709 (Fla. Nov. 8, 2007), and issue the following substituted opinion in its place.
We have for review Bell v. State, 32 Fla. L. Weekly D476, ___ So.2d ___, 2007 WL 486613 (Fla. 2d DCA Feb.16, 2007), in which the Second District Court of Appeal acknowledged (but did not certify) conflict with Reeves v. State, 920 So.2d 724 (Fla. 5th DCA 2006), approved, 957 So.2d 625 (Fla.2007), cert. denied, ___ U.S. ___, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). At the time the Second District Court issued its decision in Bell, Reeves was pending review in this Court. We have jurisdiction. See art V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
The Second District Court below affirmed in part and reversed in part Bell's sentences. See Bell, 32 Fla. L. Weekly at D476, ___ So.2d at ___. Both parties sought relief, Bell via a rehearing motion filed in the Second District Court and the State via a notice to invoke discretionary review filed in this Court. We stayed proceedings in this Court pending disposition of Bell's rehearing motion in the Second District Court, directing counsel to file status reports with this Court every thirty days. The State subsequently advised this Court that the Second District Court had denied rehearing, and Bell replied that the Second District Court had additionally granted his voluntary dismissal motion filed in that court in the interim. Significantly, however, neither party filed a dismissal motion in this Court, and there was no indication that the Second District Court had withdrawn its Bell opinion. This Court thus proceeded to issue an order staying the present case pending disposition in Reeves. Neither party objected to or otherwise questioned that stay order.
After Reeves was decided, we issued an order directing Bell to show cause why we should not accept jurisdiction, quash the Second District Court's Bell decision, and remand for reconsideration in light of our decision in Reeves. In his response, Bell conceded that "there is no reason for this Court not to take the actions contemplated in its order," and the State did not file a reply or in any way suggest otherwise. We thus originally issued our now-withdrawn opinion granting the petition for review in the present case, quashing the decision under review, and remanding to the Second District Court for reconsideration upon application of this Court's decision *96 in Reeves. See Bell, 32 Fla. Law Weekly at S709. Neither party filed a motion for rehearing, so our mandate issued as a matter of course several weeks later on December 6, 2007.
Only then, on December 17, 2007, did Bell file a motion to withdraw this Court's mandate; a motion for this Court to expedite ruling on the motion to withdraw mandate due to concerns regarding the looming expiration of our July term of court;[1] a motion to withdraw this Court's opinion; and a motion for this Court to dismiss the case. All four motions were based on the fact that over eight months earlier, the Second District Court had granted Bell's voluntary dismissal motion below. By order issued December 19, 2007, we granted Bell's motion to withdraw mandate (and accordingly denied his motion to expedite) in order to consider his motion to withdraw opinion and motion to dismiss case. See State Farm Mut. Auto. Ins. Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980, 982-83 (Fla. 1981) ("An appellate court's power to recall its mandate is limited to the term during which it was issued."). In that same order, we deferred ruling on those two remaining motions and directed the State to file a response thereto.
We have herein already granted the motion to withdraw this Court's opinion, leaving only the motion for this Court to dismiss the case, which we hereby deny. Such dismissal is not an option at this point, as it would untenably allow to stand the Second District Court's Bell opinion, which is at odds with both that court's subsequent dismissal of the case and this Court's Reeves decision. We instead grant the petition for review in this case and quash the Second District Court's Bell opinion below, thereby nullifying that opinion and allowing the Second District Court's dismissal to stand undisturbed. Remand is accordingly rendered unnecessary.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] See § 25.051, Fla. Stat. (2007) (providing that this Court "shall hold two terms in each year, ... commencing respectively on the first day of January and July").