PER CURIAM.
The Florida Bar’s Rules of Judicial Administration Committee and the Appellate Court Rules Committee (Committees) have filed a “fast-track” out-of-cycle report proposing amendments to Florida Rules of Judicial Administration 2.205(b)(5) (Issuance of Mandate; Recordation and Notification) and 2.210(b)(4) (Issuance of Mandate; Recordation and Notification) and Florida Rule of Appellate Procedure 9.340(a) (Issuance of Mandate). The proposals are in response to recent legislation. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction[1] and adopt the proposed amendments to the rules and also amend the titles of the rules.
According to the Committees’ report, the amendments are in response to chapter 2013-25, section 10, Laws of Florida, which created section 43.44, Florida Statutes. Section 43.44, which becomes effective on January 1, 2014,[2] allows an appellate court to recall its own mandate within 120 days after the mandate has been issued.[3] Cf. State v. Bell, 992 So.2d 95, 96 (Fla.2008) (recognizing that an appellate court’s power to recall its mandate is limited to the term during which it issued); Chapman v. St. Stephens Protestant Episcopal Church, Inc., 105 Fla. 683, 138 So. 630, 631-32 (Fla.1932) (concluding that in the absence of a statute, an appellate court has jurisdiction to recall its mandate until the end of the term in which the judgment was rendered). The Executive Committee of the Board of Governors of The Florida Bar approved the proposals by a vote of 11-0.
*744 As proposed by the Committees, we amend Florida Rule of Appellate Procedure 9.340(a) (Issuance of Mandate) to address the recall of a mandate by adding language to provide: “The court may direct the clerk to recall the mandate, but not more than 120 days after its issuance.” Also, as proposed by the Committees, we amend Florida Rules of Judicial Administration 2.205(b)(5) (Issuance of Mandate; Recordation and Notification) and 2.210(b)(4) (Issuance of Mandate; Recor-dation and Notification) to provide that “[i]f, within 120 days after a mandate has been issued, the court directs that a mandate be recalled, then the clerk shall recall the mandate.” References to “recall,” “the date of recall,” and “the recall of any mandate” also are added to the provisions of the rules addressing recordation and notification. On our own motion, we also amend the titles of the three rules to reference “recall of mandate.”
Accordingly, we amend the Florida Rules of Judicial Administration and the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect January 1, 2014, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.205. THE SUPREME COURT
(a) [No Change]
(b) Clerk.
(1) — (4)
(5) Issuance and Recall of Mandate; Recordation and Notification. The clerk shall issue such mandates or process as may be directed by the court. If, within 120 days after a mandate has been issued, the court directs that a mandate be recalled, then the clerk shall recall the mandate. Upon the issuance or recall of any mandate, the clerk shall record the issuance or recall in a book or equivalent electronic record kept for *745 that purpose, in which the date of issuance or date of recall and the manner of transmittal of the process shall be noted. In proceedings in which no mandate is issued, upon final adjudication of the pending cause the clerk shall transmit to the party affected thereby a copy of the court’s order or judgment. The clerk shall notify the attorneys of record of the issuance of any mandate, the recall of any mandate, or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(6) [No Change]
(c)-(g) [No Change]
RULE 2.210. DISTRICT COURTS OF APPEAL
(a) [No Change]
(b) Clerk.
(1) — (3) [No Change]
(4) Issuance and Recall of Mandate; Recordation and Notification. The clerk shall issue such mandates or process as may be directed by the court. If, within 120 days after a mandate has been issued, the court directs that a mandate be recalled, then the clerk shall recall the mandate. If the court directs that a mandate record shall be maintained, then upon the issuance or recall of any mandate the clerk shall record the issuance or recall in a book or equivalent electronic record kept for that purpose, in which shall be noted the date of issuance or the date of recall and the manner of transmittal of the process. In proceedings in which no mandate is issued, upon final adjudication of the pending cause the clerk shall transmit to the party affected thereby a copy of the court’s order or judgment. The clerk shall notify the attorneys of record of the issuance of any mandate, the recall of any mandate, or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(5) [No Change]
(c)-(e) [No Change]
RULE 9.340. MANDATE
(a)Issuance and Recall of Mandate. Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, shall be served on all parties. The court may direct the clerk to recall the mandate, but not more than 120 days after its issuance.
(b)-(c) [No Change]
Committee Notes
[No Change]

. Art. V, § 2(a), Fla. Const.

. See ch.2013-25, § 25, Laws of Fla. (providing effective date).

. Newly created section 43.44, Florida Statutes, provides:
Mandate of an appeals court. — An appellate court may, as the circumstances and justice of the case may require, reconsider, revise, reform, or modify its own opinions and orders for the purpose of making the same accord with law and justice. Accordingly, an appellate court may recall its own mandate for the purpose of allowing it to exercise such jurisdiction and power in a proper case. A mandate may not be recalled more than 120 days after it has been issued.
Ch.2013-25, § 10, Laws of Fla.

. All comments must be filed with the Court on or before December 30, 2013, with a certificate of service verifying that a copy has been served on the Committee Chairs, Mr. Eduardo I. Sanchez, 99 N.E. 4th Street, Suite 800, Miami, Florida 33132-2131, eduardo.i. sanchez@usdqj.gov, and Hon. Jon B. Morgan, 2 Courthouse Square, Room 6420, Kissim-mee, Florida 34741-5487, ctjujm2@ocnjcc. org, and on the Bar Staff Liaison to the Committees, Ms. Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chairs has until January 20, 2014, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.