# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2041
Lower Tribunal No. 03-28569
_____


**Derrick Jermaine Knight,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Hon. Milton Hirsch, Judge.

Derrick Jermaine Knight, in proper person.

Pamela Jo Bondi, Attorney General, and Douglas Glaid, Senior Assistant Attorney General, for appellee.


Before SHEPHERD, C.J., EMAS and SCALES, JJ.

PER CURIAM

Derrick Jermaine Knight appeals from an order, dated May 14, 2014, that denied his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.800. We affirm the trial court's decision and issue an order to show cause as described below.

In 2007, a jury convicted Knight for manslaughter, aggravated battery, shooting a deadly missile into a vehicle, possession of cocaine, and possession of drug paraphernalia. The trial court imposed a fifteen-year sentence for manslaughter and a twenty-five-year sentence for aggravated battery. These two sentences were to run consecutively. The sentence for aggravated battery was a minimum mandatory sentence enhanced pursuant to section 775.087(2) of the Florida Statutes (2003).

Knight contends, both below and on appeal to this Court, that the trial judge erred in ordering Knight's sentences for manslaughter and aggravated battery to run consecutively.

In affirming the order on appeal, we adopt the reasoning of the trial court; to wit, a standard sentence and an enhanced sentence may be imposed consecutively. Hale v. State, 630 So. 2d 521 (Fla. 1993); Cotto v. State. 89 So. 3d 1025 (Fla. 3d DCA 2012), approved, 139 So. 3d 283 (Fla. 2014).

ORDER TO SHOW CAUSE

2

Since 2009, Knight has filed numerous petitions and appeals to this Court concerning the legality of his sentence.[1] Last year, Knight filed a petition for mandamus related to the 3.800 motion that is the subject of this appeal. Knight v. State, No. 3D14-0986 (Fla. 3d DCA May 21, 2014).

Knight is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other pleadings related to his criminal conviction in circuit court case number 03-28569.

If Knight does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by and bear the signature of an attorney who is licensed by and in good standing with the Florida Bar.

Additionally, and absent a showing of good cause, any such further and unauthorized filings by Knight will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of

---

[1] See Knight v. State, 126 So. 3d 258 (Fla. 3d DCA 2009); Knight v. State, 54 So. 3d 630 (Fla. 3d DCA 2011, rev. dismissed 65 So. 3d 516 (Fla. June 17, 2011); Knight v. State, 75 So. 3d 738 (Fla. 3d DCA 2011) (table); Knight v. State, 53 So. 3d 234 (Fla. 3d DCA 2011) (table); Knight v. State, 41 So. 3d 907 (Fla. 3d DCA 2010) (table); Knight v. State, No. 3D11-225 (Fla. 3d DCA Feb. 4, 2011); Knight v. State, 90 So. 3d 293 (Fla. 3d DCA 2012) (table); Knight v. State, 114 So. 3d 351 (Fla. 3d DCA 2013).

Corrections for its consideration of disciplinary action, including the forfeiture of gain time. <u>See</u> § 944.279(1), Fla. Stat. (2014).

Affirmed. Order to show cause issued.