951 So.2d 931 (2007)
Roger DAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1189.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
Rehearing Denied April 13, 2007.
*932 Gregory J. Morse of Morse & Morse, LLC, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In this appeal from his conviction for sale and delivery of cocaine within 1000 feet of a church and for possession of cocaine, the appellant claims that the court fundamentally erred in failing to sua sponte dismiss the information when the state could not supply the appellant with the address of the confidential informant involved in the drug transaction. The appellant never objected to the state's failure to disclose the address of the informant nor offered evidence to show that the state's inability to supply the address constituted bad faith. As the sanction of dismissal is an exercise of the trial court's discretion and fact-dependent, we hold that no abuse of discretion occurred. We affirm his conviction. However, we reverse the appellant's sentence, as he could not receive consecutive sentences for both the sale and possession of the same cocaine pursuant to Hale v. State, 630 So.2d 521 (Fla.1993).
Appellant, Roger Dawson, was arrested three months after he sold drugs to a confidential informant. A deputy sheriff accompanied the confidential informant when he set up a drug sale with Dawson. Two of the conversations between the informant and the two men involved in the transaction were captured on videotape from the deputy's vehicle. When the actual exchange occurred, the confidential informant exited the vehicle, so the deputy could see but not hear the transaction.
Dawson moved for the disclosure of the name and address of the confidential informant. The state supplied Dawson with his name, but informed the court that the deputy had lost track of the informant. The detective had attempted to locate him to no avail. Because the state did not intend to call the informant as a witness, it made no further efforts to locate him. The court entered a stipulated order disclosing the informant's name but not his address. The defense made no further objection to the failure to disclose the informant's locational information.
At trial, the deputies involved in the sale testified, and the court admitted videotapes of the conversations between the informant and the men who approached *933 the vehicle, including Dawson, whom the deputy identified as the man in the second videotape. Dawson objected to the statements on those tapes that were made by the informant. In the first conversation, in speaking to the first man who approached the vehicle, the informant said, "Tell Roger I need a quarter." The court overruled Dawson's objection to the statement. The deputy positively identified Dawson as the person involved in the transaction, and the state had Dawson stand by the screen during the playing of the second videotape to compare Dawson's appearance to the person on the videotape. The jury convicted Dawson of all charges.
On appeal, Dawson claims that the court fundamentally erred in failing to dismiss the charges against him when the state failed to provide an address or location for the informant. He must claim fundamental error because he made no motion to dismiss the charges on this ground in the trial court.
The supreme court reiterated the limits of the use of the fundamental error concept most recently in Farina v. State, 937 So.2d 612, 629 (Fla.2006):
"Fundamental error" is the sole exception to the preservation requirement. Harrell [v. State], 894 So.2d [935] at 941 [(Fla.2005)]. To be fundamental, an error must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Id. (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). We have also defined it as "error which goes to the foundation of the case." Ray v. State, 403 So.2d 956, 960 (Fla. 1981) (quoting Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970)). We have cautioned appellate courts to "exercise their discretion concerning fundamental error `very guardedly.'" Id. "[F]undamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Id.

The failure to disclose the address or means of contacting the confidential informant was not a fundamental error requiring the sua sponte dismissal of the charges. This court has previously held that the dismissal of an information is "an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists." State v. Lowe, 398 So.2d 962, 963 (Fla. 4th DCA 1981). In Simmons v. State, 887 So.2d 1283, 1285 (Fla.2004), our supreme court noted that courts are reluctant to impose the sanction of dismissal when the failure to produce an informant is the result of negligence, as opposed to willful conduct on the part of the state. See also State v. Carpenter, 899 So.2d 1176, 1182 (Fla. 3d DCA 2005) ("Dismissal of an information is, however, an extreme sanction that should be used with caution, and only when a lesser sanction would not achieve the desired result. . . . Before a court can dismiss an information for a prosecutor's violation of a discovery rule or order, the trial court must find that the prosecutor's violation resulted in prejudice to the defendant.") (emphasis in original).
In this case, the state supplied the name of the confidential informant but not his address, because the deputy had lost track of him about a month after the transaction took place. The defense never challenged this assertion or the efforts of the state to locate the informant. Thus, there is no showing of willfulness. Further, because the defense never really objected to the failure of the state to provide the address of the informant, and the trial court accepted the state's explanation, the trial court did not demand that the state take other measures to find the informant. *934 Without more, sua sponte dismissal on this record most likely would have been error. Lowe, 398 So.2d at 963. Clearly, no fundamental error has occurred.
Dawson also complains that the informant's statement, "Tell Roger I need a quarter," recorded on the videotape, constituted inadmissible hearsay. However, the trial court correctly ruled that this statement was admissible as a verbal act. See Decile v. State, 516 So.2d 1139 (Fla. 4th DCA 1987). Although Dawson also complains of a Confrontation Clause violation, he did not make that objection below. Therefore, it is not preserved. Mencos v. State, 909 So.2d 349, 351 (Fla. 4th DCA 2005).
We do, however, reverse as to Dawson's sentence. The court imposed a habitual offender sentence of forty years for possession of cocaine within 1000 feet of a church and five years for possession of cocaine to run consecutive to the habitual offender sentence. In Hale v. State, 630 So.2d 521 (Fla.1993), our supreme court held that statutes permitting an enhancement of the sentence for a crime beyond its statutory maximum, such as the habitual offender statutes, may not thereafter be further enhanced by permitting them to run consecutively rather than concurrently. In Fuller v. State, 867 So.2d 469 (Fla. 5th DCA 2004), the court examined Hale's holding in the context of a habitual offender sentence imposed together with a non-habitual offender sentence. The trial court had imposed the non-habitual offender sentence for one count in a criminal episode consecutive to the habitual offender sentence for another count. In reversing, the court said, "The whole point in Hale is that once the habitual offender sentencing scheme is utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode, consecutive sentencing may not be used to further lengthen the overall sentence." Id. at 470. See also Canavan v. State, 842 So.2d 306 (Fla. 5th DCA 2003). In this case, where both charges arose out of possession and sale of the same cocaine, imposing the possession sentence consecutive to the enhanced habitual offender sentence was error.
We thus affirm appellant's convictions but reverse his sentence with directions to modify the sentence to run the sentences for both charges concurrently.
STEVENSON, C.J., and TAYLOR, J., concur.