MONACO, J.
 

 Although the appellant, Lacharvis Williams, raises a number of issues in this appeal from his judgment and sentence for second degree murder while carrying or possessing a firearm, burglary of a dwelling while in possession of a firearm, and grand theft, we find only one issue to be meritorious. Because the sentence imposed upon him for grand theft should not have been consecutive to the other sentences he received, we reverse for resen-tencing regarding this crime.
 

 After the conclusion of his jury trial the State filed a notice of its intention to seek habitual offender status with respect to Mr. Williams, as well as a notice of his qualification as a prison releasee reoffen-der. At sentencing Mr. Williams was found to be both a prison releasee reoffen-der and a habitual violent felony offender. As to the murder and burglary charges, the trial court sentenced him to serve life sentences as a prison releasee reoffender. As to the grand theft charge, Mr. Williams was sentenced to ten years imprisonment as a habitual violent felony offender (with five years being mandatory), to be served consecutively to the two life sentences.
 

 On appeal Mr. Williams argues that his sentence for grand theft should not have been imposed consecutively to the other sentences because all charges grew out of the same criminal episode, and because the habitual violent felony offender sentence had already been enhanced. He argues, and we agree, that the point of
 
 Hale v. State,
 
 630 So.2d 521 (Fla.1993),
 
 cert. denied,
 
 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994) and
 
 Daniels v. State,
 
 595 So.2d 952 (Fla.1992), was that once the habitual offender sentencing scheme was utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode, consecutive sentencing cannot be used to further lengthen the overall sentence.
 
 See Fuller v. State,
 
 867 So.2d 469, 470 (Fla. 5th DCA),
 
 review denied,
 
 887 So.2d 1236 (Fla.2004).
 

 Although the State calls our attention to
 
 Reeves v. State,
 
 920 So.2d 724 (Fla. 5th DCA 2006),
 
 approved,
 
 957 So.2d 625 (Fla.), cert.
 
 denied,
 
 — U.S. -, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007), that case does not authorize the sentence here. In
 
 Reeves
 
 the supreme court determined that because a prison releasee reoffender sentence is not an enhanced sentence, it could be required to be served consecutive to an unenhanced Criminal Punishment Code sentence arising out of the same criminal episode. A habitual violent felony offender sentence, however, is an enhanced sentence.
 
 See
 
 § 775.084, Fla. Stat. (2008). Thus, under the reasoning of the supreme court in
 
 Hale,
 
 the consecutive sentence for the grand theft conviction was improper.
 

 
 *1118
 
 Accordingly, we affirm the judgment and sentence in all respects except regarding the consecutive nature of the habitual violent felony offender sentence for grand theft. As to that charge, we remand for resentencing.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 PALMER, C.J., and EVANDER, J., concur.