# Supreme Court of Florida

_____

No. SC12-1277
_____

**JOSUE COTTO**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[May 15, 2014]

LEWIS, J.

Josue Cotto seeks review of the decision of the Third District Court of Appeal in <u>Cotto v. State</u>, 89 So. 3d 1025 (Fla. 3d DCA 2012), on the basis that the Third District certified that its decision is in conflict with the decision of the Fifth District Court of Appeal in <u>Williams v. State</u>, 10 So. 3d 1116 (Fla. 5th DCA 2009). We have jurisdiction. <u>See</u> art. V, § 3(b)(3), Fla. Const.

## FACTS

This matter concerns the sentence imposed on Cotto for several crimes he committed on December 1, 2002. On that date, Cotto approached a stranger on a street in South Beach and told the stranger that he had just been "ripped off" during

an attempt to buy cocaine. Cotto proceeded to take out a gun, point it at the stranger's stomach, and ask the stranger if he wanted anybody to be killed. When the stranger replied in the negative, Cotto put the gun in his pocket and walked away. The stranger called the police, who arrived immediately and arrested Cotto. Cotto was subsequently convicted of carrying a concealed firearm, aggravated assault with a firearm, and possession of a firearm by a convicted felon.[1]

Cotto was sentenced as a prison releasee reoffender (PRR) for the conviction of aggravated assault with a firearm and was sentenced to five years' incarceration. Cotto was sentenced to ten years' incarceration as a habitual felony offender (HFO) for the conviction of carrying a concealed firearm. He was also sentenced to thirty years' incarceration as an HFO for the conviction of possession of a firearm by a convicted felon, with a ten-year minimum mandatory pursuant to the ten/twenty/life statute. The HFO sentences were imposed to run concurrent to each other, but consecutive to the five-year PRR sentence. Thus, Cotto was sentenced to a total of thirty-five years' incarceration.

Cotto's sentences were affirmed without opinion on appeal to the Third District Court of Appeal. Cotto v. State, 990 So. 2d 1072 (Fla. 3d DCA 2008)

---

1. Cotto was also convicted of improper exhibition of a weapon and possession of a firearm with an altered ID number. However, these convictions and the sentences imposed for them are not relevant to the issue presented by this case.

(table).  Subsequently, Cotto filed a pro se rule 3.850 motion for postconviction relief that alleged, among other things, that his thirty-five year sentence was illegal under Hale v. State, 630 So. 2d 521, 525 (Fla. 1993), in which this Court held that sentences enhanced under the habitual violent felony offender (HVFO) provision of section 775.084, Florida Statutes, cannot run consecutively to other sentences that arise from the same criminal episode.  The trial court denied Cotto's motion for postconviction relief, and the Third District affirmed.  Cotto, 89 So. 3d at 1034. The Third District held that Hale prohibits the imposition of consecutive sentences for crimes that arise out of a single criminal episode only where both sentences are enhanced through a sentencing scheme that extends the permissible sentence beyond that prescribed by section 775.082, Florida Statutes.[2]  However, the Third District concluded that Hale does not prohibit the imposition of consecutive sentences if the statute under which the defendant is sentenced does not extend the maximum permissible sentence delineated by section 775.082.  Id. at 1033-34. Thus, the Third District concluded that because the PRR statute imposes a mandatory minimum that is in accordance with, and not beyond, the statutory maximum, a PRR sentence is not an enhanced sentence, and a trial court therefore may impose an HFO sentence consecutive to a PRR sentence.  Id. at 1034.

---

2.  Section 775.082 delineates the penalties for felonies and misdemeanors unless another sentencing provision applies.

The Third District certified a conflict with the decision of the Fifth District in Williams, 10 So. 3d 1116, in which the Fifth District held that although a PRR sentence is not an enhanced sentence, because an HVFO sentence is an enhanced sentence, Hale applies and consecutive sentencing for crimes that arise from a single criminal episode is improper. Id. This review follows.

## ANALYSIS

### Standard of Review

This case presents a question of statutory construction. Questions of statutory interpretation are reviewed de novo. Se. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73, 78 (Fla. 2012).

Our purpose in construing a statutory provision is to give effect to legislative intent, which is the polestar that guides a statutory construction analysis. Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008). All statutory provisions must be given their full effect by the courts, and related statutory provisions must be construed in harmony with one another. Id.; see also Heart of Adoptions, Inc. v. J.A., 693 So. 2d 189, 199 (Fla. 2007).

### PRR and Habitual Offender Statutes

The PRR statute is a mandatory minimum provision that creates a sentencing floor. See State v. Cotton, 769 So. 2d 345, 354 (Fla. 2000). The PRR statute provides:

(9)(a)1.  "Prison releasee reoffender" means any defendant who commits, or attempts to commit:

[Certain enumerated crimes]

within 3 years after being released from a state correctional facility . . . or within 3 years after being released from a correctional institution of another state . . . following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.

. . .

3.  If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender.  Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:

a.  For a felony punishable by life, by a term of imprisonment for life;

b.  For a felony of the first degree, by a term of imprisonment of 30 years;

c.  For a felony of the second degree, by a term of imprisonment of 15 years; and

d.  For a felony of the third degree, by a term of imprisonment of 5 years.

(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release.  Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.

(c) Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 [the habitual offender statute] or any other provision of law.

(d)1.  It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including whether the victim recommends that the offender not be sentenced as provided in this subsection.

§ 775.082, Fla. Stat. (2002) (emphasis supplied).  In contrast to the PRR statute, the HFO provision allows courts to sentence a defendant who qualifies as an HFO to an extended term of imprisonment.  See § 775.084(1)(a), (4)(a), Fla. Stat. (2002).  The HFO provision provides:

(1)  As used in this act:

(a)  "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:

1.  The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
2.  The felony for which the defendant is to be sentenced was committed:

a.  While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense; or
b.  Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.

- 6 -

3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.

4. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this paragraph.

5. A conviction of a felony or other qualified offense necessary to the operation of this paragraph has not been set aside in any postconviction proceeding.
. . . .
(4)(a) The court, in conformity with the procedure established in paragraph (3)(a), may sentence the habitual felony offender as follows:

1. In the case of a life felony or a felony of the first degree, for life.
2. In the case of a felony of the second degree, for a term of years not exceeding 30 [years' imprisonment].
3. In the case of a felony of the third degree, for a term of years not exceeding 10 [years' imprisonment].

Id. The HVFO provision is a subdivision of the same statute and is substantially the same as the HFO provision, except that the HVFO provision applies to defendants who were previously convicted of certain enumerated violent felonies. Both the HFO and HVFO provisions are enhancements to which Hale applies. See State v. Hill, 660 So. 2d 1384, 1385 (Fla. 1995). Together, the HFO and HVFO provisions are called the habitual offender statute. See, e.g., State v. Collins, 985 So. 2d 985, 991 (Fla. 2008). Although the habitual offender statute does not contain an express statement of legislative intent, we have stated that the intent of the statute is to incarcerate repeat felony offenders for longer periods of time by

- 7 -

enlargement of the maximum sentence that can be imposed.  See Hale, 630 So. 2d at 524; see also Daniels v. State, 595 So. 2d 952, 954 (Fla. 1992).

## Development of Hale

This Court held in Hale that sentences imposed pursuant to the HVFO statute for convictions that arise from a single criminal episode may not run consecutively.  630 So. 2d at 524.  The holding in Hale relied upon the precedent of this Court with regard to consecutive and concurrent sentences in Palmer v. State, 438 So. 2d 1 (Fla. 1983), State v. Enmund, 476 So. 2d 165 (Fla. 1985), and Daniels.

In Palmer, this Court held that a defendant could not be sentenced to consecutive minimum mandatory sentences under section 775.087(2), Florida Statutes (1981), if the separate sentences arose from a single criminal episode.  438 So. 2d at 3-4.  The defendant in Palmer brandished a revolver while he robbed mourners at a funeral and was convicted of thirteen counts of robbery.  Id. at 2. Section 775.087(2) mandated a three-year minimum sentence for any person who possessed a firearm during the commission of certain enumerated felonies, one of which was robbery.  The trial court imposed the three-year minimum mandatory sentence for each of thirteen robbery counts, with the sentences to run consecutively, for a total minimum mandatory sentence of thirty-nine years.  Id. at 2.  However, this Court held that the consecutive sentencing was illegal because

the language of section 775.087(2) authorized courts to deny defendants parole eligibility for only three years, but with consecutive sentencing the defendant would not become eligible for parole for thirty-nine years. Id. at 3. The Court based this conclusion on the rule of construction that anything "not clearly and intelligently described" in a penal statute and "manifestly intended by the Legislature" will not be considered included within the terms of the statute. Id. (quoting State v. Wershow, 343 So. 2d 605, 608 (Fla. 1977)). Thus, consecutive sentencing was not allowed in Palmer because it was not permitted by the language of the statute or clearly intended by the Legislature.[3]

Two years after Palmer, this Court addressed whether Palmer prevented a trial court from imposing the minimum mandatory sentences for each of two murder convictions consecutively. Enmund, 476 So. 2d at 168. This Court explained that because the statute that prescribed the sentence for first-degree murder included a mandatory minimum without any enhancement, the Legislature intended for trial courts to have the discretion to impose such sentences either concurrently or consecutively. Id. Thus, Palmer does not apply where the Legislature intended to permit consecutive sentencing.

---

3. The statute has since been amended to make parole unavailable to defendants who have been convicted pursuant to section 775.087, and to mandate that sentences imposed pursuant to the statute be imposed consecutively to any other term of imprisonment. See § 775.087(2)(d), Fla. Stat. (2013).

Subsequently, this Court followed the rationale of Palmer in Daniels to hold that mandatory minimum sentences imposed pursuant to the HVFO provision may not be imposed consecutively for crimes that arise from a single criminal episode. Daniels, 595 So. 2d at 954. In so doing, the Court likened the HVFO statute to the enhancement for possession of a firearm in Palmer because the sentence for the defendant's underlying offense contained no minimum mandatory before the HVFO enhancement. Id. at 953. As in Palmer, the Court looked to the language of the statute to determine whether consecutive sentencing was permissible. The Court concluded that the legislative intent to increase the period of incarceration for repeat felony offenders was accomplished by the enlargement of the maximum sentence that may be imposed, and the Legislature had not authorized courts to impose consecutive minimum mandatory HVFO sentences where the crimes arise from a single criminal episode. Id.

The Court next relied on Daniels in Hale. The defendant in Hale was charged with the possession and sale of the same cocaine and was sentenced for each charge as an HVFO. 630 So. 2d at 522. The trial court imposed two consecutive twenty-five-year sentences pursuant to the HVFO provision with a ten-year minimum mandatory for each sentence. Id. at 523. As in Daniels, this Court determined that the legislative intent to provide for longer periods of incarceration for repeat offenders was satisfied when the trial court used the HVFO

- 10 -

statute to increase the maximum sentence for each offense.  Id. at 524.  The Court

held:

> [T]he trial court is not authorized . . . to both enhance Hale's sentence
> as a habitual offender and make each of the enhanced habitual
> offender sentences for the possession and the sale of the same
> identical piece of cocaine consecutive, without specific legislative
> authorization in the habitual offender statute.

Id. at 525.  Therefore, Hale stands for the proposition that once multiple sentences

from a single criminal episode are enhanced through the habitual offender statute,

the total penalty cannot be further increased by consecutive sentencing absent

specific legislative authorization.  Id.  This holding was reaffirmed by the Court in

Hill, 660 So. 2d at 1386 (holding that unless the Legislature modifies the habitual

offender statute, trial courts may not sentence a defendant as a habitual offender

and order that the sentences be served consecutively).

The underlying rationale of Hale has been applied to certain other enhanced

sentences.  See Jackson v. State, 659 So. 2d 1060, 1062-63 (Fla. 1995) ("As we

noted in Daniels, possession of a gun, section 775.087, is an enhancement statute

applying to the punishment prescribed by statute for the underlying offense.  Under

Daniels' rationale, Jackson's minimum mandatory sentence for possession of a

firearm must run concurrent with the habitual offender minimum mandatory

sentences, since both of these minimum mandatory sentences are enhancements."

(citation omitted)).  However, a PRR sentence is not an enhanced sentence within

the meaning of <u>Hale</u>. <u>See</u> <u>Reeves v. State</u>, 920 So. 2d 724, 726 (Fla. 5th DCA 2006), <u>app'd</u> 957 So. 2d 625 (Fla. 2007) ("The rule established in <u>Hale</u> and <u>Daniels</u> applies to sentences that have been <u>enhanced</u> beyond the statutory maximum. A PRR sentence is not enhanced beyond the statutory maximum. Consequently, we conclude that the rule established in <u>Hale</u> and <u>Daniels</u> has no application here."). The PRR statute does not increase the maximum period of incarceration to which a person may be sentenced. Rather, under the PRR statute, only the maximum allowable sentence may be imposed. We are unwilling to extend <u>Hale</u> to apply to unenhanced sentences.

Furthermore, this Court has never applied <u>Hale</u> to the PRR statute. The PRR statute specifically states that the legislative intent is to punish those eligible for PRR sentencing to <u>the fullest extent of the law</u>. <u>See</u> § 775.082(9)(d)1., Fla. Stat. (2002). This express statement of intent demonstrates that the discretion of trial courts to impose consecutive sentences is not in any way limited by the PRR statute. The statutes at issue in <u>Palmer</u>, <u>Daniels</u>, and <u>Hale</u> did not include a similar statement of legislative intent. Indeed, the legislative intent expressed with regard to the habitual offender statute in <u>Hale</u> is different than that expressed in the PRR statute. While the intent behind the habitual offender statute is to <u>increase the maximum allowable</u> sentence, the intent behind the PRR provision is to provide for <u>maximum sentencing</u> within the sentencing statute. Therefore, although the

legislative intent in the habitual offender statute is satisfied upon the imposition of an extended sentence beyond the otherwise applicable statutory maximum, the PRR statute expressly authorizes trial courts to impose the maximum sentence, which contemplates the use of consecutive sentencing. Based on this unambiguous expression of legislative intent in the PRR statute, we conclude that Hale does not prohibit a trial court from imposing a PRR sentence consecutive to a habitual offender sentence.

## CONCLUSION

Based on the foregoing, we hold that Hale does not prohibit a habitual offender sentence from being imposed consecutively to a PRR sentence. Accordingly, we approve the decision of the Third District in Cotto and disapprove Williams.

It is so ordered.

POLSTON, C.J., and PARIENTE, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

Third District – Case No. 3D10-3418

(Miami-Dade County)

Carlos J. Martinez, Public Defender, and Daniel Tibbett, Assistant Public Defender, Miami, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Richard L. Polin, Bureau Chief, Criminal Appeals, and Linda S. Katz, Assistant Attorney General, Miami, Florida,

    for Respondent