IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEREMIAH T. PINKARD,

       Appellant,

v.                                 Case No.  5D14-2532

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed February 26, 2016

Appeal from the Circuit
Court for Orange County,
Frederick J. Lauten, Judge.

Dawne Ducarpe, of Nexus Trial Group,
Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

EDWARDS, J.

This is a case of road rage in which the occupants of a Dodge Magnum confronted the driver and passenger of a Suzuki SUV.  The Suzuki was occupied by McFerrel Jones, the driver, and Rashaud Burns, the passenger.  After the Suzuki allegedly cut off the Dodge, Appellant, the driver of the Dodge, pulled up next to the Suzuki at a stop light and said that he would end both Jones' and Burns' lives that night

if they did not stop driving so fast. Burns explained that they were rushing to the hospital because his baby was about to be born. As the traffic light turned green and the cars began to separate, Appellant fired multiple shots in the direction of the Suzuki while one of the Dodge's backseat passengers fired one shot at the Suzuki. One of the bullets struck Jones in the back of the head, killing him. Following a jury trial, Appellant was found guilty of manslaughter, aggravated assault with a firearm, and shooting into an occupied vehicle. The jury made the specific finding that Appellant did actually carry, possess, and discharge a firearm during the commission of the crime. We affirm his convictions without further discussion. We will briefly discuss an issue raised by Appellant regarding the consecutive sentence imposed as to Count 5.

"The legality of a sentence is a question of law and is subject to *de novo* review." *Flowers v. State*, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005) (citing *Wardlaw v. State*, 832 So. 2d 258, 259 (Fla. 2d DCA 2002)). Concerning the indictment's first count, Appellant was convicted of the lesser included offense of manslaughter, a second-degree felony. The offense was reclassified to a first-degree felony due to Appellant's use of a firearm, and Appellant was sentenced to thirty years imprisonment. *See* § 775.087, Fla. Stat. (2011). Appellant's sentence for Count 2, aggravated assault, a third-degree felony, was enhanced due to Appellant's discharge of a firearm, requiring a "minimum term of imprisonment of 20 years," to run concurrently with the sentence for Count 1. *See* § 775.087(2)(a)(2), Fla. Stat. (2011).[1] His fifteen-year prison sentence for

---

[1] *See Jackson v. State*, 659 So. 2d 1060, 1062-63 (Fla. 1995), in which the Florida Supreme Court used the word "enhancement" when describing the increased sentence imposed on the defendant as a result of the minimum mandatory sentence required by section 775.087, Florida Statutes (1993), for the defendant's possession of a firearm.

Count 5, shooting into an occupied vehicle was not enhanced and was ordered to run consecutively to the other sentences.

On appeal, Appellant relied on *Hale v. State*, 630 So. 2d 521 (Fla. 1993), in support of his argument that his sentence for Count 5 should not run consecutively to his sentences for Counts 1 and 2. *Hale* prohibits the imposition of enhanced consecutive sentences for crimes committed during a single criminal episode. 630 So. 2d at 524. However, in *Cotto v. State*, 139 So. 3d 283 (Fla. 2014), the Florida Supreme Court held that it was "unwilling to extend *Hale* to apply to unenhanced sentences." 139 So. 3d at 289.[2] Because the sentence for Count 5 was not enhanced, the trial court did not commit reversible error in ordering the sentence for Count 5 to run consecutively to the sentences imposed for Counts 1 and 2.

AFFIRMED.

PALMER and TORPY, JJ., concur.

---

[2] We find that our earlier case of *Fuller v. State*, 867 So. 2d 469, 470 (Fla. 5th DCA 2004), has been implicitly overruled by *Cotto v. State*, 139 So. 3d 283 (Fla. 2014).