# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-5286

_____

ORION CHRISTOPHER GARDINER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Charles Cofer, Judge.

March 29, 2018

PER CURIAM.

Orion Christopher Gardiner challenges his convictions and sentences for manslaughter with a firearm, attempted first-degree murder, and possession of a firearm by a convicted felon. All of the offenses arose from the same criminal episode. On count one, Gardiner was classified as both a habitual violent felony offender (HVFO) and a prison releasee reoffender and was sentenced to life imprisonment with concurrent mandatory minimum terms of fifteen years and thirty years. On count two, he was sentenced to fifteen years' imprisonment pursuant to a plea agreement. On count three, he was classified as a HVFO and was sentenced to thirty years' imprisonment with a three-year mandatory minimum for use for a firearm. The sentence on count two was ordered to

run concurrently with count one. The sentence on count three was ordered to run consecutively to count one.

We affirm Gardiner's convictions without comment. However, we must reverse his sentences on counts one and three and remand with directions to run the sentences concurrently because Gardiner's HVFO sentences on those counts may not run consecutively. *See Cotto v. State*, 139 So. 3d 283, 286-87 (Fla. 2014) (reaffirming the proposition stated in *Hale v. State*, 630 So. 2d 521 (Fla. 1993) that once multiple sentences from a single criminal episode are enhanced pursuant to the habitual offender statute, the total penalty may not be further increased by consecutive sentencing absent specific legislative authorization); *Brashwell v. State*, 171 So. 3d 199, 199 (Fla. 1st DCA 2015) (holding that a trial court is prohibited from imposing consecutive habitual offender sentences for offenses that arose during the same criminal episode); *Preston v. State*, 134 So. 3d 992, 994 (Fla. 1st DCA 2012) (reversing the trial court's imposition of consecutive habitual offender sentences for offense that occurred during a single criminal episode). The HVFO sentences may not run consecutively because the HVFO designation increased the statutory maximum on counts one and three and both offenses occurred during a single criminal episode; thus, the trial court was not permitted to further increase the penalty for these offenses by running the sentences consecutively. *Cotto*, 139 So. 3d at 286.

We, therefore, AFFIRM Gardiner's convictions and REVERSE and REMAND for resentencing as to his convictions.

WETHERELL, ROWE, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Richard M. Bracey, III, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.