# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-4184

———————————————

BOBBY ALLEN BENNETT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Bradford County.
William E. Davis, Judge.

November 30, 2018

B.L. THOMAS, C.J.

Appellant challenges his judgment and sentence, arguing, *inter alia*, that the trial court erred in giving a jury instruction on principals in connection with a conspiracy charge, and that the trial court improperly imposed consecutive sentences while also designating Appellant as an habitual felony offender.

Appellant was charged with burglary of an unoccupied structure, conspiracy to commit burglary of an unoccupied structure, grand theft, and criminal mischief. The charges stemmed from an incident in which Appellant and another person broke into a convenience store, stole beer and cigarettes, and fled.

The jury instructions included the following standard instruction on principals:

**3.5(a). PRINCIPALS**

If the defendant helped another person or persons commit a crime, the defendant is a principal and must be treated as if he had done all the things the other person did if:

1.  the defendant had a conscious intent that the criminal act be done and

2.  the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit the crime.

During the charge conference, the trial court noted that the instruction on principals appeared to be the standard jury instruction, and Appellant's counsel did not object, stating that he had reviewed the instructions earlier and did not see any problem with them. Appellant did not request an instruction to inform the jury that the principals instruction only applied to certain counts.

The jury found Appellant guilty of all four counts. The trial court declared Appellant an habitual felony offender ("HFO") and sentenced him to five years in prison for burglary, five years in prison for conspiracy to commit burglary, and five years in prison for grand theft, with each sentence to run consecutively, and 60 days in prison for the criminal mischief count.

During pendency of this appeal, Appellant filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the trial court could not sentence him to consecutive sentences enhanced by the HFO statute where the offenses arose out of a single criminal episode. The trial court denied Appellant's motion.

Appellant argues that the trial court committed fundamental error by giving "the principals instruction without the additional instruction limiting it to substantive charges." However, Appellant did not request a limiting instruction at the charge

conference, and his counsel in fact stated that he saw no problem with the standard principal instruction. "Without requesting a limiting instruction, the defendant invited the error." *Rondon v. State*, 157 So. 3d 360, 362 (Fla. 4th DCA 2015). If an error is invited, "the appellate court will not consider the error a basis for reversal." *Goodwin v. State*, 751 So. 2d 537, 544 (Fla. 1999). Appellant therefore waived any argument of fundamental error in the jury instructions.

Appellant also argues that the trial court improperly sentenced him to consecutive sentences while also designating him as an habitual felony offender. Appellate courts review *de novo* a trial court's denial of a motion to correct sentencing error. *Willard v. State*, 22 So. 3d 864 (Fla. 4th DCA 2009). The State agrees that Appellant's offenses were committed during one criminal episode, but argues that Appellant did not receive enhanced sentences, thus, the consecutive sentences were allowed.

Appellant cites *Hale v. State,* 630 So. 2d 521, 524 (Fla. 1993), for the proposition that

> nothing in the language of the habitual offender statute . . . suggests that the legislature . . . intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.

In *Cotto v. State*, the supreme court clarified that

> *Hale* stands for the proposition that once multiple sentences from a single criminal episode are enhanced through the habitual offender statute, the total penalty cannot be further increased by consecutive sentencing absent specific legislative authorization. . . .
>
> . . . [A] PRR sentence is not an enhanced sentence within the meaning of *Hale.* . . . We are unwilling to extend *Hale* to apply to unenhanced sentences.

139 So. 3d 283, 289 (Fla. 2014) (emphasis removed).

3

The State argues that *Hale* does not apply, because, although the court designated Appellant as an habitual felony offender, his sentence was not enhanced by the HFO statute: Appellant was sentenced to five years for each felony count, in accordance with the non-HFO statutory maximum for third-degree felonies. The State argues that because Appellant's sentence does not exceed the statutory maximum, it has not been "enhanced" by the HFO statute, and is not illegal under *Hale*.

Appellant argues that it is unclear whether an "enhanced" sentence means only one with an increased total penalty. He asserts that the "detriments accompanying the status of being designated an HFO" constitute enhancement, even if the total incarceration time was not increased above the statutory maximum.

This court's decision in *Braswell v. State*, could be read to suggest that consecutive HFO sentences for offenses committed in a single criminal episode are per se impermissible, regardless of whether the sentences exceed the non-HFO statutory maximum. 171 So. 3d 199, 199 (Fla. 1st DCA 2015) ("The trial court is prohibited from imposing consecutive HFO sentences for offenses that were committed during a single criminal episode."). Although the supreme court stated in *Hale* that "enhanced" sentences arising from the same episode could not run consecutively, 630 So. 2d at 525, in *Cotto* it clarified that an "enhanced" sentence is one in which the period of incarceration has been extended beyond the statutory maximum. *Cotto*, 139 So. 3d at 289. Because "[a] PRR sentence is not enhanced beyond the statutory maximum," it constitutes an "unenhanced" sentence to which *Hale* does not apply. *Id.* (quoting *Reeves v. State*, 920 So. 2d 724, 726 (Fla. 5th DCA 2006), *app'd* 957 So. 2d 625 (Fla. 2007)).

Thus, under Florida Supreme Court precedent, an "enhanced" sentence is one in which the period of incarceration has been increased beyond the normal statutory maximum. 139 So. 3d at 289. Here, Appellant was designated as an HFO, but was given the non-HFO statutory maximum, i.e. five years for each offense. These sentences were thus not "enhanced," and therefore may be imposed consecutively.

4

We reject without comment all other issues raised by Appellant.

AFFIRMED.

OSTERHAUS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, Joanna A. Mauer and Kathleen Pafford, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Steven Edward Woods, Assistant Attorney General, Tallahassee, for Appellee.