# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2139
Lower Tribunal No. F08-29249B
_____


**Bernard Pierre,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.


Before EMAS, SCALES and HENDON, JJ.

EMAS, J.

## INTRODUCTION

Bernard Pierre appeals from an order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Pierre raises two claims: (1) the imposition of consecutive sentences was illegal under Hale v. State, 630 So. 2d 521 (Fla. 1993) and Cotto v. State, 139 So. 3d 283 (Fla. 2014); and (2) the written sentence fails to conform to the oral pronouncement, and must be remanded for entry of a corrected sentence. For the reasons that follow, we affirm as to the first claim, and hold that where a defendant is convicted of two offenses arising out of a single criminal episode, one of which is enhanceable under the habitual felony offender/habitual violent felony offender statute, and the sentence for that offense is enhanced beyond the statutory maximum, the trial court may lawfully order that the sentence on the remaining unenhanced offense be served consecutively. As to the second claim, however, we reverse and remand for entry of a corrected written sentence that conforms to the trial court's oral pronouncement.

## FACTS AND PROCEDURAL BACKGROUND

The facts relevant to our discussion are brief and undisputed. Pierre was charged with having committed several felonies in August 2008.

Following a trial at which Pierre was found guilty, the trial court imposed the following sentences:

- Aggravated Assault with a Firearm (third-degree felony, statutory maximum five years): ten years' state prison (enhanced from five years to ten years as a Habitual Violent Felony Offender (HVFO))[1] with a five-year mandatory minimum;
- Possession of a Firearm by a Convicted Felon (second-degree felony, statutory maximum fifteen years): unenhanced sentence of fifteen years' state prison as a prison releasee reoffender.[2]

The trial court ordered that the unenhanced fifteen-year sentence for possession of a firearm by a convicted felon be served consecutively to the ten-year enhanced HVFO sentence for aggravated assault. Pierre's judgment and sentences were affirmed on direct appeal, see Pierre v. State, 152 So. 3d 584 (Fla. 3d DCA 2014). In 2021, Pierre filed a motion to correct illegal sentence under rule 3.800(a)(1). He contended that, once the trial court designated him a Habitual Violent Felony Offender on Count Three

---

[1] See § 775.084(4)(b), Fla. Stat. (2008) (increasing the statutory maximum sentence for a third-degree felony committed by a habitual violent felony offender from five years to "a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.")

[2] We note that Pierre was also convicted of and sentenced for another third-degree felony. However, Pierre does not contest the sentence imposed for this offense, and limits his challenge to the sentences imposed in Counts Three and Four.

(Aggravated Assault with a Firearm), increasing Pierre's maximum sentence from the statutory maximum of five years[3] to an enhanced sentence of ten years with a five-year mandatory minimum, the trial court was without authority to order Pierre's sentence on the remaining count (Count Four, Possession of a Firearm by a Convicted Felon) be served consecutively, even though that offense was unenhanced.

## ANALYSIS AND DISCUSSION

### 1. The consecutive sentences do not violate *Hale* and its progeny

The trial court correctly denied Pierre's motion because this was a legal sentence. Pierre's reliance on Hale, 630 So. 2d at 521, is misplaced. In Hale, defendant was convicted of two second-degree felonies—sale of cocaine and possession with intent to sell cocaine. He was designated a habitual violent felony offender (HVFO) on each offense, thereby increasing his maximum possible sentence from fifteen years on each count to thirty years on each count, with a ten-year mandatory minimum for each.

---

[3] See § 775.082(3)(b), Fla. Stat. (2008) (providing generally the maximum terms of imprisonment for a felony of the first, second or third degree):

- First degree: a term of imprisonment not exceeding 30 years or, when specifically provided by statute, a term of years not exceeding life imprisonment;
- Second degree: a term of imprisonment not exceeding 15 years;
- Third degree:  a term of imprisonment not exceeding 5 years.

4

The trial court sentenced Hale as an HVFO to two consecutive twenty-five-year terms, for a total sentence of fifty years. The Florida Supreme Court held that these sentences, each enhanced under the HVFO statute beyond their statutory maximum, must be imposed concurrently rather than consecutively, relying on the language of the habitual offender statute (section 775.084, Florida Statutes), and quoting from its earlier decision in Daniels v. State, 595 So. 2d 952 (Fla. 1992), which held that, by enacting the statutory provisions regarding habitual felony offenders and habitual violent felony offenders

> the legislature intended to provide for the incarceration of repeat felony offenders for longer periods of time. However, this is accomplished by enlargement of the maximum sentences that can be imposed when a defendant is found to be an habitual felon or an habitual violent felon.

Hale, 630 So. 2d at 524 (quoting Daniels, 595 So. 2d at 953).

The Hale court further explained that the legislative intent of the habitual offender statutes "is satisfied when the maximum sentence for each offense is increased. We find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the **sentences from multiple crimes** committed during a single criminal episode **have been enhanced** through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences

5

run consecutively." <u>Hale</u>, 630 So. 2d at 524 (emphasis added). The <u>Hale</u> Court then concluded:

> [T]he trial court is not authorized ... to both enhance Hale's sentence as a habitual offender and **make each of the enhanced habitual offender sentences** for the possession and the sale of the same identical piece of cocaine **consecutive**, without specific legislative authorization in the habitual offender statute.

<u>Id.</u> at 525.

In other words, <u>Hale</u>'s holding was limited by its facts to situations in which <u>two or more</u> sentences are enhanced beyond their statutory maximum. <u>Hale</u> involved consecutive sentences imposed on <u>two</u> HVFO-enhanced sentences. The instant case, by contrast, involves consecutive sentences imposed on one HVFO-enhanced sentence and one unenhanced sentence. Pierre contends this is a distinction without a difference and that, if one offense has been enhanced and a sentence imposed in excess of the statutory maximum pursuant to that enhancement (here, a ten-year HVFO-enhanced sentence imposed on a third-degree felony), the trial court cannot legally order that the remaining unenhanced sentence on the second offense (here, the second-degree felony of possession of a firearm by a convicted felon) be served consecutively. Instead, Pierre contends, <u>Hale</u> requires it be served concurrently. We do not agree.

6

There appear to be two components to the relevant analysis: first, whether the two sentences have each been "enhanced" beyond their statutory maximum; and second, if both offenses have been enhanced, whether the applicable enhancement statute, by its terms, authorizes the trial court to not only enhance the sentences beyond the statutory maximum, but to order those enhanced sentences be served consecutively. This analysis is illustrated in <u>Cotto</u>, 139 So. 3d at 283.  Cotto was convicted of, inter alia, aggravated assault with a firearm, possession of a firearm by a convicted felon, and carrying a concealed firearm.[4]  He was sentenced as follows:

- Aggravated assault with a firearm (third-degree felony): Five-year sentence as a Prison Releasee Reoffender (PRR), section 775.082, Florida Statutes (2002);
- Possession of a Firearm by a Convicted Felon (second-degree felony): Thirty-year enhanced sentence as a Habitual Felony Offender (HFO), with a ten-year mandatory minimum pursuant to the 10/20/Life statute (section 775.087(2)(a), Florida Statutes (2002)).

The trial court ordered that the thirty-year HFO-enhanced sentence be served consecutively to the five-year PRR sentence.  Cotto challenged these

---

[4] Although Cotto was sentenced on this third offense, the sentence for that offense is not relevant and has no impact on the issue addressed here. For the sake of clarity it is therefore excluded from the discussion and analysis.

7

consecutive sentences as illegal.  The Florida Supreme Court analyzed, first, whether the five-year mandatory sentence as a PRR for a third-degree felony constituted an "enhanced" sentence and, second, whether the language of the PRR statute authorized consecutive sentences.

Although the court analyzed both issues, it needed to address only the first component, in which the court concluded that the mandatory five-year PRR sentence did not constitute an "enhanced" sentence.  The reason for this conclusion was simple: The maximum statutory sentence for a person convicted of a third-degree felony is five years.  The maximum possible sentence on a third-degree felony for a defendant designated as a PRR is the same—five years. Unlike the HFO/HVFO statutes, the PRR statute does not "enhance" (i.e., increase or lengthen) the maximum possible sentence beyond the existing statutory maximum.

Instead, what the PRR statute does is remove all sentencing discretion from the trial judge: if a person qualifies as a Prison Releasee Reoffender, the trial court is required to impose the statutory maximum term of imprisonment (in this case, five years).[5] A PRR sentence is thus not an

---

[5] The  PRR statute also provides:

> A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person

8

"enhanced" sentence as that term is applied in Hale and its progeny, because it does not lengthen or increase the existing statutory maximum for that offense. As the Cotto court observed: "The PRR statute is a mandatory minimum provision that creates a sentencing floor" and by contrast, the HFO/HVFO statute "allows courts to sentence a defendant who qualifies. . . to an *extended term of imprisonment*." Cotto, 139 So. 3d at 287. Cotto held that "the HFO and HVFO provisions are enhancements to which Hale applies," but that a sentence imposed under the PRR statute is an unenhanced sentence:

> The PRR statute does not increase the maximum period of incarceration to which a person may be sentenced. Rather, under the PRR statute, only the maximum allowable sentence may be imposed. **We are unwilling to extend *Hale* to apply to unenhanced sentences.**

Id. at 289 (emphasis added).

Although the Cotto opinion followed this with an analysis of legislative intent under the language of the PRR statute, that analysis is unnecessary here. Cotto held that where a defendant is convicted of two offenses arising from a single criminal episode, and the trial court imposes an enhanced

---

sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.

§ 775.082(9)(b), Fla. Stat. (2023).

9

sentence beyond the statutory maximum on one count and an unenhanced sentence on the remaining count, the trial court may lawfully require the defendant to serve those sentences consecutively.

In like fashion, the trial court here imposed an enhanced sentence (ten years as an HVFO for a third-degree felony) to be followed by a consecutive unenhanced sentence (fifteen years for a second-degree felony). Cotto is thus fully applicable here because, as the Cotto court stated: "We are unwilling to extend Hale to apply to unenhanced sentences." Id. at 289.[6]

We note that the Second and Fifth Districts have held this type of consecutive sentencing is permitted under Hale and Cotto. See Thomas v. State, 47 Fla. L. Weekly D2482 (Fla. 2d DCA November 30, 2022) (en banc) (receding from prior panel decisions and holding that Cotto permits an enhanced habitual offender sentence to be imposed consecutively with an unenhanced sentences arising from the same criminal episode); Pinkard v. State, 185 So. 3d 1289, 1290 (Fla. 5th DCA 2016) (defendant sentenced to serve two enhanced sentences concurrently, and a third unenhanced

---

[6] In Knight v. State, 159 So. 3d 943 (Fla. 3d DCA 2015) the trial court imposed an unenhanced sentence of fifteen years for manslaughter (a second-degree felony) followed by an enhanced sentence of twenty-five years for aggravated battery (a second-degree felony) enhanced pursuant to the 10/20/Life statute (775.087(2), Fla. Stat. (2003)). We held without discussion, but relying on Cotto, that a "standard sentence and an enhanced sentence may be imposed consecutively." Id. at 944.

10

sentence to be served consecutively; district court affirmed imposition of a consecutive unenhanced sentence, noting "the Florida Supreme Court held that it was 'unwilling to extend <u>Hale</u> to apply to unenhanced sentences.'") (quoting <u>Cotto</u>, 139 So. 3d at 289).

We acknowledge there are decisions of the First District which at first blush may appear to conflict with our holding on this question.  <u>See</u>, <u>e.g.</u>, <u>Kiedrowski v. State</u>, 876 So. 2d 692, 694 (Fla. 1st DCA 2004) (defendant sentenced on two third-degree felonies; each offense was *subject to* enhancement as an HFO; however, the trial court ultimately designated defendant an HFO on only one of the two qualifying offenses, imposed an enhanced sentence of ten years on that offense, to be followed by a consecutive unenhanced sentence of two years on the remaining offense; First District vacated the twelve-year sentence, holding it violated "the reasoning and the spirit of <u>Hale</u>" where the total sentence imposed exceeded the ten-year total defendant could have received as a habitual felony offender); <u>Mills v. State</u>, 23 So. 3d 186, 188 (Fla. 1st DCA 2009) (holding no <u>Hale</u> violation where trial court imposed an HFO-enhanced sentence of 10 years (for a third-degree felony) followed by a consecutive unenhanced sentence of 15 years (for a second-degree felony), for a total sentence of 25 years; distinguishing <u>Kiedrowski</u> and reasoning that, because Mills'

11

aggregate sentence of 25 years was less than the 30 years he could have received if both of his sentences had been enhanced and ordered to run concurrently, it did not violate Hale; concluding: "We hold that the sentences in this case are legal, as they do not violate Hale. Pursuant to the reasoning of Kiedrowski and Hamilton, consecutive HFO and non-HFO sentences imposed for crimes committed during a single criminal episode are legal if the aggregate sentence is less than that which could have been imposed if **all HFO eligible convictions had been enhanced** and ordered to run concurrently") (emphasis added); Hamilton v. State, 996 So. 2d 964, 966 (Fla. 1st DCA 2008) ("Because appellant's sentences do not, in the aggregate, exceed the maximum he could have received **if all sentences subject to enhancement** under the habitual felony offender statute had been enhanced (but run concurrently) . . . he is not entitled to relief").

It appears that Mills, Hamilton and Kiedrowski are intended to avoid the anomalous situation where a defendant is charged with multiple HFO/HVFO-eligible crimes, but the trial court chooses to designate a defendant as an HFO/HVFO on only one of the qualifying offenses, thus allowing for consecutive sentencing that exceeds the maximum concurrent sentencing required under Hale had the trial court sentenced defendant as an HFO/HVFO on all qualifying offenses.

12

For example, assume a defendant is charged with two second-degree felonies (statutory maximum of fifteen years each), each of which qualifies for enhancement as an HFO (increasing the maximum sentence for each offense to thirty years). If the trial court designated the defendant an HFO on both offenses, the court could impose a sentence of thirty years for each offense, but under Hale, those two HFO-enhanced sentences would have to be served concurrently. However, if the trial court designated defendant as an HFO on only one of the two HFO-eligible offenses, it could impose a thirty-year HFO sentence, followed by a consecutive fifteen-year "enhanceable-but-unenhanced" sentence on the remaining offense, for an aggregate sentence of forty-five years.

The instant case is thus distinguishable from Mills, Hamilton and Kiedrowski, as they involved defendants charged with two or more "enhanceable" offenses, meaning that two or more offenses qualified under the HFO/HVFO statute for enhancement beyond the statutory maximum, but the trial court chose to sentence the defendant as an HFO/HVFO on only one of those enhanceable offenses, and then ordered the sentences to be served consecutively.

By contrast, the instant case involves a defendant who has only one enhanceable offense and one "unenhanceable" offense. Pursuant to Cotto,

13

the consecutive sentences imposed on Pierre are legal, and the First District's holdings in <u>Mills</u>, <u>Hamilton</u> and <u>Kiedrowski</u> are distinguishable and do not expressly and directly conflict with our holding.

## 2. The Written Sentence Fails to Conform to the Oral Pronouncement

As to Pierre's second claim, we reverse that portion of the order which denied Pierre's motion to correct the written sentence to conform to the oral pronouncement as to the possession of a firearm by a convicted felon count (designated Count Four in the written sentence), and remand for entry of a corrected sentence. The written sentence reflects that, as to Count Four, the trial court designated defendant a Habitual Violent Felony Offender. However, and as the State properly concedes, the trial court's oral pronouncement of sentence did not include such a designation for that count. As a general rule (fully applicable here), where the oral pronouncement conflicts with the written sentence, the oral pronouncement controls. <u>See Ashley v. State</u>, 850 So. 2d 1265 (Fla. 2003); <u>Martin v. State</u>, 238 So. 3d 369 (Fla. 3d DCA 2017). We therefore reverse that portion of the order denying the motion to correct illegal sentence and remand to the trial court for the limited purpose of correcting the written sentence in Count Four to comport with the oral pronouncement by removing the Habitual Violent Felony

14

Offender designation from that count. The order on appeal is otherwise affirmed.

**<u>CONCLUSION</u>**

We affirm that portion of the trial court's order which found the consecutive sentences imposed on Counts Three and Four were not illegal under <u>Hale</u>. We hold that where a defendant is convicted of two offenses arising out of a single criminal episode, one of which is enhanceable under the habitual felony offender/habitual violent felony offender statute, and the sentence for that offense is enhanced beyond the statutory maximum, the trial court may lawfully order that the sentence on the remaining unenhanced offense be served consecutively.

We reverse that portion of the order which denied Pierre's motion to correct the written sentence on Count Four and remand for entry of a corrected sentence that conforms to the oral pronouncement.

Affirmed in part, reversed in part and remanded with directions.