DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CAMERON MAURICE TOOMBS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2978

[June 5, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562019CF002691A.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges his sentence on his convictions for resisting an officer with violence and battery on a law enforcement officer. He claims the sentence violates *Hale v. State*, 630 So. 2d 521 (Fla. 1993). Based upon *Cotto v. State*, 139 So. 3d 283 (Fla. 2014), we affirm.

The State sought to have appellant designated a habitual felony offender (HFO). At the sentencing hearing, the trial court found that appellant qualified as an HFO and sentenced him in accordance with the State's request. For the resisting charge, the court sentenced him as an HFO to an enhanced ten-year sentence, with the first five years being served as a Prison Releasee Reoffender (PRR). For the charge of battery on a law enforcement officer, the court did not sentence him as an HFO, but imposed a non-enhanced sentence of five years to run consecutive to count one, for an overall sentence of fifteen years.

Appellant claims that the fifteen-year aggregate sentence imposed by the trial court is illegal pursuant to *Hale*, because the sentence was

achieved by imposing a ten-year HFO sentence on the resisting charge and imposing a consecutive five-year non-HFO sentence on the battery, even though the battery charge also qualified for HFO enhancement. When both counts are subject to HFO enhancement, appellant argues that the court is not permitted to impose a mix of enhanced and unenhanced sentences to achieve an aggregate sentence that exceeds both 1) the statutory maximum sentence allowed if each count ran consecutive without HFO designation, or 2) the maximum concurrent sentence permitted by *Hale* for "habitualized" counts.

We conclude that under *Cotto*, the sentence is legal. In *Hale*, the supreme court held that "the trial court is not authorized . . . to both enhance [the defendant's] sentence as a habitual offender and make each of the enhanced habitual offender sentences . . . consecutive, without specific legislative authorization in the habitual offender statute." 630 So. 2d at 525. The *Hale* court explained:

> [B]y enacting  sections 775.084 and 775.0841, Florida Statutes (Supp. 1988), the legislature intended to provide for the incarceration of repeat felony offenders for longer periods of time. However, this is accomplished by enlargement of the maximum sentences that can be imposed when a defendant is found to be an habitual felon or an habitual violent felon.
>
> [*Daniels v. State*, 595 So. 2d 952, 954 (Fla. 1992)]. Thus, the legislative intent is satisfied when the maximum sentence for each offense is increased. We find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.

*Id.* at 524.

*Cotto*, however, has limited *Hale*. In *Cotto*, the trial court found the defendant to be an HFO and imposed two HFO sentences that were to run concurrent to each other. 139 So. 3d at 285. On the third charge, the trial court imposed a five-year PRR sentence to be served consecutive to the HFO sentences. *Id.* The defendant claimed that the sentence violated *Hale*, because the PRR sentence should have been made concurrent, not consecutive. *Id.* Concluding that the PRR sentence was not an enhanced

2

sentence but a sentencing floor, the court approved its imposition consecutive to the HFO sentences.  *Id.* at 286, 290.

The *Cotto* court explained that *Hale* provides "once multiple sentences from a single criminal episode are enhanced through the habitual offender statute, the total penalty cannot be further increased by consecutive sentencing absent specific legislative authorization."  *Id.* at 289 (citing *Hale,* 630 So. 2d at 525).  However, "the PRR statute d[id] not increase the maximum period of incarceration to which a person may be sentenced. Rather, under the PRR statute, only the maximum allowable sentence may be imposed."  *Id.*  Significantly, the court concluded that it was "**unwilling to extend *Hale* to apply to unenhanced sentences.**"  *Id.*  (Emphasis added.)

Subsequent to *Cotto,* the Second District held that "*Cotto II* necessarily applies to situations involving the running of consecutive enhanced habitual offender sentences and unenhanced sentences stemming from the same criminal episode regardless of whether the unenhanced sentence has a PRR designation, some other type of minimum mandatory term, or no designation at all."  *Thomas v. State,* 353 So. 3d 1219, 1224 (Fla. 2d DCA 2022).

We agree with *Thomas* and likewise hold that *Cotto* applies in this case to permit the trial court to run the unenhanced sentence for battery consecutive to the HFO sentence for resisting with violence.  In doing so, we acknowledge that in *Dawson v. State,* 951 So. 2d 931 (Fla. 4th DCA 2007), we applied *Hale* to a similar circumstance, and reversed an HFO sentence on one count followed by an unenhanced second sentence on another count, holding that making the second sentence violated *Hale. Id.* at 934.  However, as the court noted in *Pinkard v. State,* 185 So. 3d 1289 (Fla. 5th DCA 2016), cases such as *Dawson* have "been implicitly overruled by *Cotto v. State,* 139 So. 3d 283 (Fla. 2014)."  *Id.* at 1290 n.2 (emphasis added).  As we are required to follow the supreme court precedent, we affirm the sentences.

*Affirmed.*

CONNER and ARTAU, JJ., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur because I believe, under *Cotto,* the sentences imposed are legal.  But I think even though *Cotto* did not specifically overrule *Hale,*

3

*Cotto* has gutted *Hale's* holding in cases such as this, where even though the trial court finds a defendant an HFO, a court can sentence some charges with the HFO enhancement but not apply that same enhancement to others, so that the unenhanced sentence can run consecutive to the HFO sentence.

When the State requests that a defendant be designated a habitual felony offender, the court holds a hearing to determine whether the defendant qualifies. Then section 775.084(3)(a)6., Florida Statutes (2022) provides:

> [I]f the state attorney pursues a habitual felony offender sanction or a habitual violent felony offender sanction *against the defendant* and the court, in a separate proceeding pursuant to this paragraph, determines that the defendant meets the criteria under subsection (1) for imposing such sanction, *the court must sentence the defendant as a habitual felony offender or a habitual violent felony offender, subject to imprisonment pursuant to this section unless the court finds that such sentence is not necessary for the protection of the public.*

*Id.* (emphasis added). As I read this section, the HFO designation is on the defendant, not the crime. Therefore, if the trial court finds the defendant an HFO, it must sentence the defendant as an HFO unless the court finds the sentence is not necessary for the protection of the public. I do not read this section to apply count by count to criminal charges. Once the defendant is designated an HFO, the designation applies to all pending crimes. I do not understand how a court could consider that the HFO designation was appropriate for some charges within a single criminal episode but not others. If the court could, it would have to find that an HFO sentence was not necessary for one charge but was necessary for others, which makes no sense.

However, in *Cotto*, the defendant was declared an HFO only as to two of three charges, and the other charge was not enhanced pursuant to the statute. The supreme court approved the unenhanced PRR charge to run consecutively. I would have thought that all three charges should result in HFO designations, once the court found the defendant to qualify. But that is not what the supreme court did. Therefore, it must have approved selective HFO designations on multiple counts within the discretion of the trial court.

4

Therefore, while I do not think the HFO statute contemplates the court having the discretion to manipulate the sentence by enhancing with an HFO designation only on some charges arising out of a single criminal episode, and not enhancing others so as to run them consecutively to the HFO sentence, *Cotto* appears to allow this, and I must concur with the affirmance of the sentences in this case.

*            *            *

***Not final until disposition of timely filed motion for rehearing.***